# Richmond

## Delbert Foster v. Commonwealth of Virginia.

January 19, 1942.

Record No. 2522.

Present, All the Justices.

The opinion states the case.

*S. R. Price* and *W. E. Henson*, for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Carrington Thompson, Special Assistant,* for the Commonwealth.

HOLT, J., delivered the opinion of the court.

The defendant was arrested on a warrant charging him with keeping a house of ill fame, etc. He was convicted by the trial justice, fined $200.00 and sentenced to jail for ninety days. He appealed to the Hustings Court of Roanoke. A jury found him guilty and fixed his punishment at a fine of $100.00 together with a nine months' jail sentence. That verdict the court approved, and his case is now before us on a writ of error.

The premises so used is the upper flat of a building on Salem avenue in Roanoke. One Margaret Bono appears to have been the lessee. We shall not stop to discuss the evidence showing the usage to which it was put. That it was used for the purposes indicated in the warrant is plain.

The defendant, Delbert Foster, and his wife, Mabel, lived in West Virginia. About four weeks before the night of the raid, February 16, 1941, she came to Roanoke, entered this house of prostitution and was following her vocation up to the very moment when the police broke in upon her. Her husband followed her in about three weeks, went to the house where she was and lived there until the time of his arrest, which was when the raid was made. He said that his purpose in coming was to persuade his wife to return with him to West Virginia.

In his room was found a drawer packed with shirts, at least eight or ten of them freshly laundered, together with the average wardrobe of a man permanently located. A jury might have believed that his stay was not temporary and that he did not come merely to take his wife away. In short, it might have believed that he misstated his purpose in coming.

The room in which he lived adjoined one occupied by his wife with a communicating door, bolted and locked; but

these fastenings were on his side of the door, and to them, of course, he had access.

[■] A jury might have believed that he was a principal or one of them; it might have believed that he was an accessory, and it might have believed that he was an aider or an abettor.

In a misdemeanor like that in judgment this is a matter of no importance. The punishment in each instance is the same. *Hitt* v. *Commonwealth*, 131 Va. 752, 109 S. E. 597.

■ " * * * an accessory is one not present at the commission of the offense, but who in some way concerned therein, either before or after, as contriver, instigator or adviser, or as a receiver or protector of the perpetrator; * * *" *Hitt* v. *Commonwealth*, supra.

■ An aider or abettor is one who is present actively or constructively; he might be a watcher around the corner.

In *James* v. *Commonwealth*, 178 Va. 28, 16 S. E. (2d) 297, Mr. Justice Hudgins, speaking for the court, said:

■ ■ "Judge Kelly, in *Brown* v. *Commonwealth*, 130 Va. 733, 107 S. E. 809, 810, 16 A. L. R. 1039, quoting Minor's Synopsis Crim. Law, p. 11, says: 'A principal in the second degree is one not the perpetrator, but present, aiding and abetting the act done, or keeping watch or guard at some convenient distance. * * * Every person who is present at the commission of a trespass, encouraging or inciting the same by words, gestures, looks, or signs, or who in any way, or by any means, countenances or approves the same is, in law, assumed to be an aider and abettor, and is liable as principal.' "

The status of the accused may be established both by circumstantial evidence and by direct evidence. *Shiflett* v. *Commonwealth*, 151 Va. 556, 145 S. E. 336. The court there said:

■ ■ "In *Brown* v. *Commonwealth*, 130 Va. 736, 107 S. E. 810, 16 A. L. R. 1039, the court said: 'Mere presence when a crime is committed is, of course, not sufficient to render one guilty as aider or abettor. There must be something to show that the person present and so charged, in some way procured, or incited, or encouraged, the act done

by the actual perpetrator. *Kemp's Case,* 80 Va. 443, 450. But whether a person does in fact aid or abet another in the commission of a crime is a question which may be determined by circumstances as well as by direct evidence.' "

In *Triplett* v. *Commonwealth,* 141 Va. 577, 127 S. E. 486, the rule is thus stated:

"To constitute one an aider and abettor, he must be guilty of some overt act, or he must share the criminal intent of the principal or party who commits the crime."

The rule has been generally adopted:

"Notwithstanding these rules as to the nonliability of a passive spectator, it is certain that proof that a person is present at the commission of a crime without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he assented thereto, lent to it his countenance and approval, and was thereby aiding and abetting the same." 1 R. C. L. 141. Cases cited from other States.

The maintenance of these houses is a continuing offense. The defendant knew what the character of this in judgment was when he moved into it in circumstances which indicated he intended to stay for an indefinite time, itself a separate offense. Code, section 4548.

He may have had an interest in it, growing out of the fact that his wife was one of its principal inmates. He must have known that the proceeds of her earnings went in part to the Bono woman and was used in the maintenance of the den at which he was anchored. If he was paying board and room rent, he was contributing to its maintenance, and if he was given these accommodations free of charge, it must have been under a contract, express or implied, that he would keep quiet as to the character of the establishment. Certainly he was interested and certainly these privileges would have been accorded to no complete stranger. Any of the circumstances indicated would support this conviction. Juries are supposed to carry into the jury box ordinary knowledge of men and affairs. Its members do not cease to be men because they are members. They must have remembered also that

the defendant did not testify and that no evidence was tendered on his behalf. It is perfectly true that the Commonwealth must make out its case, but that case may be established both by direct evidence and by known and proven conditions.

Judgment affirmed.

*Affirmed.*