Richmond

## WILLIAM DONALD DUSENBERY

### v.

## COMMONWEALTH OF VIRGINIA

February 29, 1980.

Record No. 790714.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*Timothy S. Wright (Basnight and Creekmore, P.C., on brief), for appellant.*

*Jim L. Chin, Assistant Attorney General (Marshall Coleman, Attorney General, on brief), for appellee.*

PER CURIAM.

Indicted for rape of "T... M... against her will and by force, in violation of Section 18.2-61" of the Code, William Donald Dusenbery was convicted in a bench trial and sentenced to confinement in the penitentiary for five years. Upon consideration of a presentence report, the trial court suspended the sentence and placed defendant on indefinite probation.

At approximately 10:30 p.m. on September 16, 1978, T... M... and J... G..., both 16 years of age, parked their car in a secluded area and partially undressed in preparation for sexual intercourse. Defendant, a part-time security guard wearing a uniform, badge, handcuffs, and a holstered pistol, appeared at the window with a flashlight, ordered the couple to get out, and demanded identification. Defendant told them that he would take them to the authorities or report their conduct to their parents unless they finished what they had started and allowed him to watch. The couple entered the back seat of the car, discussed the options, and agreed to attempt to perform the act in defendant's presence. Defendant watched as the couple undressed and the boy assumed the superior position. Complaining that the boy had not penetrated the girl, defendant thrust his head and shoulders through the open window, seized the boy's penis, and forced it "partially in" the girl's vagina.

Defendant contends that the evidence is insufficient to support his conviction under Code § 18.2-61 because "the evidence is clear that [he] did not 'carnally know' the alleged victim" within the meaning of that statute.

In felony cases, principals in the second degree and accessories before the fact are accountable "in all respects as if a principal in the first degree". Code § 18.2-18. But, by definition, there can be no accessory without a principal. Although *conviction* of a principal in the first degree is not a condition precedent to conviction of an accessory, Code § 18.2-21, "before the accessory to a crime can be

convicted as such, it must be shown that the crime has been committed by the principal." *Snyder* v. *Commonwealth,* 202 Va. 1009, 1017, 121 S.E.2d 452, 458 (1961). Since the evidence fails to show that J . . . G . . . committed rape, defendant cannot be convicted as a principal in the second degree. The question remains whether the evidence is sufficient to prove that defendant committed that crime as a principal in the first degree.

■ With respect to certain crimes, the law regards a person who acts through an innocent agent as a principal in the first degree. *See* W. La Fave and A. Scott, Criminal Law 496-97 (1972); R. Perkins, Criminal Law 644-45 (2d ed. 1969); ALI Model Penal Code § 2.06(2)(a) (Proposed Official Draft 1962). In some jurisdictions, this rule has been applied in rape cases where the accused forced an innocent third party to have carnal knowledge of an unwilling victim. 65 Am. Jur.2d, *Rape* § 29 (1972). But the "innocent agent" rule cannot be applied here, for it is antithetical to the construction this Court has placed upon Virginia's rape statute.

Our prior decisions establish that one element of rape is the penetration of the female sexual organ by the sexual organ of the principal in the first degree. *Strawderman* v. *Commonwealth,* 200 Va. 855, 108 S.E.2d 376 (1959); *McCall* v. *Commonwealth,* 192 Va. 422, 65 S.E.2d 540 (1951). Whether Dusenbery's conduct constituted an offense other than rape is not a question before us on appeal. We hold only that the evidence is insufficient to prove that defendant carnally knew the prosecutrix within the intendment of Code § 18.2-61 as construed by this Court, and the judgment must be reversed. The case will be remanded for further proceedings if the Commonwealth be so advised, provided that defendant may not be retried for rape. *See Greene* v. *Massey,* 437 U.S. 19, 25 n. 7 (1978); *Burks* v. *United States,* 437 U.S. 1 (1978).

*Reversed and remanded.*