COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


ANTIONE MARQUIS WICKER, S/K/A
 ANTOINE M. WICKER
                                    MEMORANDUM OPINION[*] BY
v.       Record No. 2607-97-2       JUDGE LARRY G. ELDER
                                       DECEMBER 22, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
                     Thomas V. Warren, Judge

        Phyllis L. Bean for appellant.

        John H. McLees, Jr., Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     Antoine M. Wicker (appellant) appeals from his six bench

trial convictions for "[a]bduction by prisoners" in violation of

Code § 18.2-48.1.  On appeal, he contends the evidence was

insufficient to support his convictions under any theory.  We

disagree and affirm the convictions.

     When considering the sufficiency of the evidence on appeal

in a criminal case, this Court views the evidence in the light

most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  See Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On

review, this Court does not substitute its own judgment for that

of the trier of fact.  See Cable v. Commonwealth, 243 Va. 236,

_____

     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

239, 415 S.E.2d 218, 220 (1992).  The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Under Code § 18.2-48.1, "[a]ny prisoner in a state, local or community correctional facility . . . who abducts or takes any person hostage shall be guilty of a Class 3 felony."  An abduction violating that code section occurs when a prisoner, "by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes the person of another, with the intent to deprive such other person of his personal liberty."  Code § 18.2-47.

A.

PRINCIPAL IN THE SECOND DEGREE

Appellant contends that the evidence was insufficient to prove that he personally committed abduction and that his conviction, therefore, must be premised on the theory that he was a principal in the second degree or an accessory.  A principal in the second degree is one who was present at the scene and shared the criminal intent of the actual perpetrator or committed some act in furtherance of the offense.  See Allard v. Commonwealth, 24 Va. App. 57, 62, 480 S.E.2d 139, 141 (1997).  A principal in the second degree may be "punished . . . as if a principal in the first degree."  Code § 18.2-18.

Appellant contends that the evidence also failed to prove he

was a principal in the second degree. We disagree. We acknowledge that "'[m]ere presence when a crime is committed is . . . not sufficient to render one guilty as an aider or abettor.'" Foster v. Commonwealth, 179 Va. 96, 99, 18 S.E.2d 314, 316 (1942) (quoting Brown v. Commonwealth, 130 Va. 733, 736, 107 S.E. 809, 810 (1921)). However, "'[e]very person who is present at the commission of a [crime], encouraging or inciting the same by words, gestures, looks or signs, or who in any way, or by any means, countenances or approves the same is, in law, assumed to be an aider and abettor . . . .'" Id. at 99, 18 S.E.2d at 315-16 (quoting Brown, 130 Va. at 736, 107 S.E. at 810). One who is "a watcher around the corner" is an aider and abettor. Id. at 99, 18 S.E.2d at 315. In addition, the aider and abettor is criminally responsible for all acts committed in furtherance of "'the common [criminal] purpose'" as long as they are "'incidental probable consequences of the execution of that [purpose],'" regardless of whether the acts are "'part of the original design.'" Rollston v. Commonwealth, 11 Va. App. 535, 542, 399 S.E.2d 823, 827 (1991) (quoting Brown, 130 Va. at 738, 107 S.E. at 811) (other citation omitted).

"The status of the accused may be established both by circumstantial evidence and by direct evidence." Foster, 179 Va. at 99, 18 S.E.2d at 316.

> "Notwithstanding these rules as to the nonliability of a passive spectator, . . . proof that a person is present at the commission of a crime without disapproving or opposing it, is evidence from which, in

- 3 -

> connection with other circumstances, it is
> competent for the [fact finder] to infer that
> he assented thereto, lent to it his
> countenance and approval, and was thereby
> aiding and abetting the same."

Id. at 100, 18 S.E.2d at 316 (citation omitted).

Here, viewed in the light most favorable to the Commonwealth, the evidence established, at a minimum, that appellant was a principal in the second degree to the six abductions. He came twice to the breezeway with the inmates more directly involved in the incident, remained present while the inmates subdued Correctional Officers Maurice Fowlkes and Wayland Goode, stood within three feet of Fowlkes as he lay restrained on the ground, and assisted in "dealing with Officer Goode." Appellant "got back from Goode and stood against the wall . . . with a shank in his hand" while institutional officer "Robbin" was in the area, and appellant ultimately fled the breezeway area with the other inmates when a group of correctional officers arrived on the scene. Appellant arrived at the medical department with Sherman and another inmate and was present when Sherman grabbed Officer Otis Reese and began to threaten him. Appellant remained in the classroom with inmates Sherman and Thorpe, standing guard over the two restrained correctional officers and two nurses, for more than six hours. Finally, Warden Robinson indicated that he negotiated with inmate Thorpe, whom he could hear consulting "with the other two individuals" in the treatment area--appellant and Sherman. Therefore, the

- 4 -

circumstantial and direct evidence, viewed in totality, was sufficient to prove that appellant was at least a principal in the second degree.  See Cirios v. Commonwealth, 7 Va. App. 292, 298-99, 373 S.E.2d 164, 167 (1988) (holding that while no single piece of evidence, standing alone, tied the accused directly to the crime, the totality of the evidence supported jury's finding that accused was accessory before the fact).

B.

SUFFICIENCY OF EVIDENCE TO PROVE SIX COUNTS OF ABDUCTION

Appellant contends the evidence was insufficient to prove (1) that he abducted any of the six people and (2) that anyone abducted Nurses Grinstead and Jackson because they did not testify.  Again, we reject these contentions.

As discussed above, that appellant may not personally have abducted the correctional officers or nurses is not dispositive of his guilt for these offenses.  The evidence proved, first, that one or more of the inmates abducted each of the six victims and, second, as discussed above, that appellant aided and abetted the abductions.  Inmates Sherman, Thorpe and Domio used force to subdue and restrain Officers Maurice Fowlkes and Goode while appellant was present with a weapon, assisting, and attempting to remain out of the sight of another institutional employee.  This evidence proved that Officers Maurice Fowlkes and Goode were abducted and that appellant was a principal in the second degree to the abductions.

Inmate Sherman used force to seize, transport and detain Officer Reese. He used a knife, threatening to cut Reese's throat, to force Reese to accompany him to release an inmate from the medical building. Inmates Sherman and Thorpe used force to seize and transport Officer Charles Fowlkes to the school area. In the school area, they used intimidation to detain Fowlkes, Officer Reese, and Nurses Grinstead and Jackson by ordering them to lie on the floor in the hallway, and they continued the abduction by taking all four to a classroom where they handcuffed Fowlkes, tied Reese with wire, and ordered the nurses to sit in the room with the two guards, where the four remained all night. Appellant aided and abetted the abductions, for he was present when Sherman approached and grabbed Officer Reese, and he remained in the classroom in which Charles Fowlkes, Reese, and the nurses were detained for the duration of the detention, consulting with inmate Thorpe as he negotiated with Warden Robinson. This evidence proved that Officers Charles Fowlkes and Reese and Nurses Grinstead and Jackson were abducted and that appellant was a principal in the second degree to these abductions, too.

That Nurses Grinstead and Jackson did not testify that the inmates deprived them of their "personal liberty" against their will is not dispositive. Any element of a crime may be proved by circumstantial evidence as long as it excludes all reasonable hypotheses of innocence flowing from the other evidence in the

record.  See Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983); Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993); see also Lafon v. Commonwealth, 17 Va. App. 411, 438 S.E.2d 279 (1993) (in reviewing abduction conviction, holding circumstantial evidence sufficient to show victim did not voluntarily accompany defendant to place where her body was found).  Whether a hypothesis of innocence is reasonable is a question of fact.  See Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988).

As set out above, the evidence proved that armed inmates forced the nurses to lie on the floor in the hallway, took them to a classroom, and ordered them to remain in the room under the watch of several of the inmates for the duration of the night. The only reasonable hypothesis flowing from the evidence in the record is that the nurses were deprived of their personal liberty against their will.  In denying appellant's motions to strike and convicting him on all six counts of abduction, the trial court rejected appellant's contention that the evidence permitted the inference that the nurses were not held against their will, and this finding of fact was not plainly wrong.

For these reasons, we affirm appellant's convictions.

Affirmed.