COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Lemons and Frank
Argued at Norfolk, Virginia


LARRY BECKER

MEMORANDUM OPINION[*] BY

v.    Record No. 2230-98-1          JUDGE ROBERT P. FRANK
                                      DECEMBER 28, 1999

COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    John K. Moore, Judge

            Ray W. King (Richard J. Tavss; Tavss,
            Fletcher, Maiden & King, P.C., on briefs),
            for appellant.

            Linwood T. Wells, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


    Larry Becker (appellant) appeals from a bench trial his

conviction for operating a vehicle in violation of the terms of a

state hauling permit under Code § 46.2-1139.  On appeal, he

contends that:  (1) only the actual operator of the vehicle can be

guilty of this offense and (2) since the driver of the vehicle was

acquitted of the offense, appellant cannot be convicted as an

accessory before the fact.  We disagree and affirm the conviction.

                              FACTS

    Appellant is an account representative for W.O. Grubb Steel

Erection (Grubb), which, as part of its business, operates

_____
        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

self-propelled cranes.  At approximately 5:00 a.m. on November 11, 1997, appellant received a call from Dick Caddle of Atlantic Industrial requesting a crane at the Norfolk International Terminals (NIT).  Mr. Caddle contacted appellant on prior occasions when he needed cranes.  On this occasion Mr. Caddle said to appellant, "Larry, I got to have a crane right now; I got to go; Bye."  Caddle did not offer further explanation.  In the past, Mr. Caddle used these words, or similar words, when he needed a crane for an emergency, and, in this instance, appellant believed Caddle's request was for such an emergency situation.

Robert Wyatt Belote drove a Grubb-owned Grove TM-9120 self-propelled crane to NIT.  The movement of this crane was controlled by a permit issued to Grubb pursuant to Article 18 of Chapter 10 of Title 46.2 of the Code of Virginia.  The permit allowed non-emergency movement of the crane on public roads from one-half hour after sunrise until one-half hour before sunset.  In addition, travel was prohibited on certain sections of Interstate 64 between 7:00 a.m. and 9:00 a.m.

At approximately 6:20 a.m., nineteen minutes before sunrise,[1] Officer Godwin of the Virginia Beach Police Department observed the crane being driven by Belote traveling west on Interstate 64. Officer Godwin had the crane stopped and escorted down Interstate 64 to the Northampton Boulevard exit by another officer.  After

---

[1] Sunrise occurred at 6:39 a.m. on November 11, 1997.

-

speaking with the driver/operator, Belote, and appellant by telephone, Officer Godwin issued a summons to Belote for violating Code § 46.2-1139 and a civil summons to Grubb for operating an overweight vehicle without a permit for operation at that hour of the morning. On May 14, 1998, appellant also was indicted for violating Code § 46.2-1139.

Pursuant to Code § 46.2-1135, Grubb paid a civil penalty of $6,512 for operating the crane on the public roads in a non-emergency situation without having a permit for operation at that time of the morning. Belote, the driver of the crane, was found not guilty of violating Code § 46.2-1139.

Appellant was tried on September 17, 1998. The court found that the appellant, though not the operator of the crane, violated or caused the violation of the permit. The court stated "the fact he wasn't the operator [does not] make any difference under this statute." The court indicated that the statute's violation did not depend upon the "operation" of the vehicle but upon "the violation of the terms" of the permit. The court based this finding on the statute's language discussing "violation of the permit," not "operation of a vehicle in violation" of the permit.

## ANALYSIS

> The standard of review for determining the sufficiency of evidence on appeal is well established. We must examine the evidence in the light most favorable to the Commonwealth, the prevailing party at trial, and we will not disturb the trial court's judgment unless it is plainly wrong or without evidence to

-

> support it. Goins [v. Commonwealth], 251 Va.
> [442,] 466, 470 S.E.2d [114,] 130 [(1996)];
> Beavers v. Commonwealth, 245 Va. 268, 281-82,
> 427 S.E.2d 411, 421, cert. denied, 510 U.S.
> 859, 114 S. Ct. 171, 126 L.Ed.2d 130 (1993);
> Code § 8.01-680.

Hedrick v. Commonwealth, 257 Va. 328, 340, 513 S.E.2d 634, 641

(1999).

Section 46.2-1139 of the Code of Virginia provides, in part:

> Permits for excessive size and weight
> generally; penalty. -- A. The Commonwealth
> Transportation Commission and local
> authorities of cities and towns, in their
> respective jurisdictions, may upon written
> application and good cause being shown, issue
> a permit authorizing the applicant to operate
> on a highway a vehicle of a size or weight
> exceeding the maximum specified in this
> title. Any such permit may designate the
> route to be traveled and contain any other
> restrictions or conditions deemed necessary
> by the body granting the permit.
>
> *       *       *       *       *       *       *
>
> C. Every permit issued under this article
> for the operation of oversize or overweight
> vehicles shall be carried in the vehicle to
> which it refers and may be inspected by any
> officer. Violation of any term of any permit
> issued under this article shall constitute a
> Class 1 misdemeanor.

Appellant contends that since the driver of the vehicle was

acquitted of the same charge, appellant cannot be convicted as an

accessory before the fact. Appellant further argues that he

cannot be liable under Code § 46.2-1139 because he was not

"operating" the crane in violation of the permit.

-

At common law, there are no accessories in misdemeanors, "'all concerned being principals.'" Watts v. Commonwealth, 99 Va. 872, 880, 39 S.E. 706, 708 (1901) (citation omitted). In other words, actions that result in punishment as an accessory when the crime is a felony result in punishment as a principal when the crime is a misdemeanor. The elements necessary to establish that a person acted as an accessory before the fact are instructive in determining whether appellant acted as a principal in this case.

> We have previously defined an accessory as "one not present at the commission of the offense, but who is in some way concerned therein, either before or after, as [a] contriver, instigator or advisor, or as a receiver or protector of the perpetrator." Tolley v. Commonwealth, 216 Va. 341, 348, 218 S.E.2d 550, 555 (1975). See also Foster v. Commonwealth, 179 Va. 96, 99, 18 S.E.2d 314, 315 (1942); Hitt v. Commonwealth, 131 Va. 752, 759, 109 S.E. 597, 600 (1921). This definition mandates that in the trial of an accessory before the fact the Commonwealth establish the following elements beyond a reasonable doubt: the commission of the crime by the principal, the accessory's absence at the commission of the offense, and that before the commission of the crime, the accessory was "in some way concerned therein . . . as [a] contriver, instigator or advisor." Tolley, 216 Va. at 348, 218 S.E.2d at 555.

McGhee v. Commonwealth, 221 Va. 422, 425-26, 270 S.E.2d 729, 731 (1980).

In Dusenberry v. Commonwealth, 220 Va. 770, 771-72, 263 S.E.2d 392, 393 (1980), the Supreme Court of Virginia wrote:

> [B]y definition, there can be no accessory without a principal. Although conviction of

-

> a principal in the first degree is not a
> condition precedent to conviction of an
> accessory, . . . , "before the accessory to a
> crime can be convicted as such, it must be
> shown that the crime has been committed by
> the principal." Snyder v. Commonwealth, 202
> Va. 1009, 1017, 121 S.E.2d 452, 458 (1961).

Similarly, in Snyder, 202 Va. at 1015, 121 S.E.2d at 456-57, the Court stated, "It is incumbent upon the Commonwealth, in proving her case against the defendant as an aider and abettor, to establish the commission of the substantive offense by . . . the principal."

The evidence is sufficient to show that the driver of the vehicle, Belote, committed the offense. The uncontroverted evidence is that Belote violated the terms of the permit by operating the vehicle before dawn. It is further uncontroverted that appellant was not present at the time of the offense. The third element of accessory before the fact is that the accused was a contriver, instigator or advisor of the crime committed by the principal. Appellant, the dispatcher for Grubb, received a phone call requiring the use of the crane vehicle. Knowing the limitations of the permit, appellant ordered the driver to drive the crane on the highways prior to sunrise. Appellant was in fact the instigator who set the violation in motion.

While appellant is correct in his argument that he cannot be convicted as an accessory before the fact because the offense is a misdemeanor, his actions in instigating the operation of the crane on the highway resulted in a violation of the permit, even though

-

he did not physically operate the crane.  We, therefore, find that appellant violated Code § 46.2-1139 as a principal in the commission of the offense.

For these reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>