COURT OF APPEALS OF VIRGINIA


Present: Judge Annunziata, Senior Judges Duff and Hodges
Argued at Alexandria, Virginia


GEORGE HENSON, JR.

                                    MEMORANDUM OPINION* BY
v.    Record No. 1359-99-2          JUDGE WILLIAM H. HODGES
                                         MAY 16, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF GOOCHLAND COUNTY
               Joseph F. Spinella, Judge Designate

          Craig S. Cooley for appellant.

          Donald E. Jeffrey, III, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     George Henson, Jr., appellant, appeals his conviction and

sentence for aiding and abetting the distribution of cocaine.

Appellant presents three issues on appeal: (1) whether the trial

court erred in not striking for cause a juror who would expect an

accused to testify; (2) whether the evidence was insufficient to

support the conviction of aiding and abetting the distribution of

cocaine; and (3) whether the trial court erred by not ordering a

presentence report when appellant raised questions relating to his

prior convictions. Finding no error, we affirm the conviction and

sentence.

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

FACTS

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

Applying these principles, the evidence adduced at trial showed that Virginia State Police Special Agent Michael Alessi identified Pamela Jones as a drug user who was familiar with the drug trade in the Fluvanna/Goochland/Louisa area. He enlisted her to be a confidential informant. Jones named Sandra Bryce as a local dealer and arranged for a sale of cocaine between Bryce and Alessi.

On March 26, 1997, appellant and Bryce picked up Jones in Bryce's vehicle. Appellant drove Bryce's vehicle to a gas station in Goochland County to meet Alessi at a prearranged time. Upon Alessi's arrival, appellant exited the car and walked to a distance of twenty-five yards from the vehicles and faced Alessi and Jones. Bryce remained in the car. Alessi and Jones discussed how much money he would pay for the amount of

cocaine he wanted, and Jones told him they would have to go to Richmond to get it. During this exchange, Bryce exited her vehicle and joined Jones and Alessi. Alessi refused to go to Richmond with them, or to let them take his money to Richmond, whereupon Bryce suggested she could get a smaller amount locally. Bryce and Alessi reached an agreement for the purchase of a lesser amount, and Alessi gave her the money. They arranged for Alessi to follow them to get the cocaine.

Appellant returned to the car and again drove Bryce and Jones in Bryce's vehicle. He commented that he did not understand why Alessi would change the quantity he would purchase. He stopped the vehicle and, according to Alessi's testimony, Jones approached his car to tell him that they did not want Alessi following them to the source's house and to meet her at her house. Appellant indicated he knew some back roads to take that would ensure that Alessi would not be able to follow them.

In forty minutes to an hour, appellant, Bryce and Jones arrived at Jones' house, and Jones entered her home and delivered the cocaine to Alessi. When Alessi received the cocaine, he believed that the amount of cocaine was less than agreed. He went out to the car and found appellant again behind the wheel. He indicated that the cocaine was less than what he paid for, and Bryce responded that she would have to go to

Richmond to get "weight." Jones testified that she, Bryce and appellant smoked some of the cocaine on the way to Jones' house, though Bryce denied this occurred. Appellant never handled the money or the cocaine.

ANALYSIS

I. VOIR DIRE

At trial, during voir dire, appellant's counsel asked whether anyone would have "trouble" if appellant did not testify. The following exchange ensued:

MS. MILLER: I think that would bother me.

\* \* \* \* \* \* \*

[COUNSEL]: And if he failed to take the stand and testify on his own behalf you would have some difficulty being impartial to that case.

THE COURT: Excuse me. Ma'am, if the Court instructs you that the law says that he does not have to testify and that you cannot consider that as far as he's concerned and couldn't you--could you follow the instructions of the Court?

MS. MILLER: Yes, I guess I could, but I would wonder why he wouldn't take the stand. I think that would be in the back of my mind.

THE COURT: I think the question is can you give him a fair and impartial trial and would you--the fact that he doesn't testify, for instance, would that in itself cause you to convict him?

MS. MILLER: No, it would not.

- 4 -

THE COURT: You would consider all of the facts and the law that's presented in the courtroom today before you would make a decision.

MS. MILLER: Yes, I would . . . .

* * * * * * *

[COUNSEL]: Do you tend to feel that indicates he's guilty?

MS. MILLER: No, it doesn't. No, I don't tend to feel that way. I would wonder why he wouldn't.

Appellant's counsel then moved for Miller to be struck for cause. The trial court denied the motion, indicating that Miller would wonder why appellant would not testify, but would not use that fact as evidence of guilt.[1]

"An accused has a fundamental right to a trial by an impartial jury and any reasonable doubt regarding a venireman's impartiality must be resolved in favor of the accused. It is equally well settled that this does not require a trial court to exclude all veniremen who have any preconceived opinion concerning the case." McGill v. Commonwealth, 10 Va. App. 237, 241, 391 S.E.2d 597, 599-600 (1990) (citations omitted). "[N]o

---

[1] On appeal, appellant also argues that the trial court erred in failing to strike Barbara Kay from the panel of jurors. Appellant did not argue at trial that Kay should be stricken for cause. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this aspect of appellant's argument on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

per se exclusion is required when a juror expresses an expectation that a defendant will testify . . . or when a prospective juror is unschooled in the law." Sizemore v. Commonwealth, 11 Va. App. 208, 212, 397 S.E.2d 408, 410 (1990) (citations omitted).

> It would be unrealistic to think that jurors do not notice when defendants fail to testify. And it is not surprising that jurors would want or expect a defendant to testify; any conscientious juror naturally would want all the help he or she could get in deciding a case. It should not be grounds for a per se exclusion, therefore, when prospective jurors on voir dire indicate their wants or expectations in this respect.
>
> The real test is whether jurors can disabuse their minds of their natural curiosity and decide the case on the evidence submitted and the law as propounded in the court's instructions.

Townes v. Commonwealth, 234 Va. 307, 329, 362 S.E.2d 650, 662 (1987) (citation omitted).

Viewing the voir dire as a whole, Miller did not hold a preconceived view which affected her ability to give appellant a fair trial, nor did she persist in a misapprehension of law which rendered her incapable of abiding by the court's instructions. Miller indicated that it might "bother" her that appellant did not testify, but she would not factor that into her determination of the case based upon the evidence and the instructions of the trial court. She asserted that she did not

tend to feel that a failure to testify indicated guilt, only that she "would wonder why he wouldn't" testify. Therefore, we cannot say that the trial court erred in refusing to strike Miller for cause.

## II. SUFFICIENCY OF THE EVIDENCE

"When sufficiency of the evidence is at issue on appeal, the evidence must be viewed in the light most favorable to the Commonwealth, and the evidence must be accorded all reasonable inferences fairly deducible therefrom." Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993) (citation omitted).

> "A principal in the second degree is one not the perpetrator, but present, aiding and abetting the act done, or keeping watch or guard at some convenient distance." . . . The defendant's conduct must consist of "inciting, encouraging, advising or assisting in the [crime]." It must be shown that the defendant procured, encouraged, countenanced, or approved commission of the crime. "To constitute one an aider and abettor, he must be guilty of some overt act, or he must share the criminal intent of the principal."

Rollston v. Commonwealth, 11 Va. App. 535, 539, 399 S.E.2d 823, 825 (1991) (citations omitted). See Code § 18.2-18 (in felony cases, except most capital murders, principal in second degree may be indicted, tried, convicted and punished in all respects as if principal in first degree). "'Mere presence when a crime is committed is, of course, not sufficient to render one guilty

as aider or abettor.'"  Foster v. Commonwealth, 179 Va. 96, 99, 18 S.E.2d 314, 316 (1942) (citations omitted).

> "Notwithstanding [the] rules as to the nonliability of a passive spectator, it is certain that proof that a person is present at the commission of a crime without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he assented thereto, lent to it his countenance and approval, and was thereby aiding and abetting the same."

Pugliese, 16 Va. App. at 93-94, 428 S.E.2d at 25 (quoting Foster, 179 Va. at 99-100, 18 S.E.2d at 316 (citations omitted)).

> While mere presence at the scene of a crime or knowledge that a crime is going to be committed does not constitute aiding and abetting, accompanying a person with full knowledge that the person intends to commit a crime and doing nothing to discourage it bolsters the perpetrator's resolve, lends countenance to the perpetrator's criminal intentions, and thereby aids and abets the actual perpetrator in the commission of the crime.

Id. at 94, 428 S.E.2d at 25.

Here, appellant drove Bryce and Jones to meet with Alessi. Appellant left the vehicle and stood twenty-five yards away and watched the events unfold.  When Jones, Bryce and Alessi decided to get cocaine from a local source, appellant again drove Bryce and Jones to the destination.  Appellant determined which route would best ensure that Alessi could not follow them to the

- 8 -

source's location. Once the cocaine was purchased, appellant drove Bryce and Jones to Jones' house to deliver the cocaine to Alessi. When Alessi went to the car to complain that the cocaine seemed to be light in weight for the amount he paid, appellant was present but made no statements. Jones and Bryce testified that while appellant did not take part in the actual sale of the cocaine, he heard their conversations about the sale and he knew why he was driving them to the different locations. Further, he commented that he did not understand why Alessi would change his mind about the amount of cocaine he wanted.

From this evidence the jury was entitled to infer that appellant acted as a lookout when he watched from a distance at the gas station. Additionally, appellant facilitated the sale by transporting the parties involved so that the distribution could occur. When Alessi discussed the transaction in appellant's presence, appellant never expressed any disapproval over the sale. Thereby, the jury could infer that he assented, and lent countenance and approval, to the commission of the crime and that he committed overt acts toward the consummation of the crime. Therefore, the evidence supported the conviction for aiding and abetting the distribution of cocaine.

### III. FAILURE TO REQUIRE PRESENTENCE REPORT

Appellant did not argue to the trial court that it erred in not ordering sua sponte a presentence report. We will not

consider an argument on appeal which was not presented to the trial court. See Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Therefore, Rule 5A:18 bars our consideration of this question on appeal. The record reflects no reason to invoke either exception to Rule 5A:18.

Accordingly, for the above stated reasons, we affirm appellant's conviction and sentence for aiding and abetting the distribution of cocaine.

Affirmed.