COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bumgardner and Agee
Argued at Salem, Virginia


THOMAS LEWIS BRADNER

                                      MEMORANDUM OPINION[*] BY
v.    Record No. 2640-00-3       JUDGE RUDOLPH BUMGARDNER, III
                                           OCTOBER 23, 2001
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                        James F. Ingram, Judge

             Jon Ian Davey (Law Office of Jon I. Davey, on
             brief), for appellant.

             Leah A. Darron, Assistant Attorney General
             (Mark L. Earley, Attorney General, on brief),
             for appellee.


     The trial court convicted Thomas Lewis Bradner of robbery

as a principal in the second degree in violation of Code

§§ 18.2-58 and -18.  On appeal he challenges the sufficiency of

the evidence by contending he did not aid, abet, or act in

concert nor do anything in furtherance of or to assist in the

commission of the robbery.  Finding no error, we affirm.

     Two armed men robbed Mama Possum's restaurant of $500 cash

and fled on foot behind an adjacent shopping center.  They left

the area in a purple, four-door Ford.  The police stopped a car

matching that description shortly thereafter.  The perpetrators,

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Linberg Wilson and Willie Woods, Jr., fled on foot, but were quickly apprehended.

The defendant sat in the front passenger seat with his cousin, the driver. Two loaded pistols were on the rear floorboard behind the driver. A blue jersey, two skullcaps, and sunglasses, which matched items worn by the robbers, were either in the glove compartment or on the floorboard in front of the defendant.

The defendant gave two irreconcilable, written statements to the police. First, he stated he did not know the perpetrators who were sweaty, out-of-breath hitchhikers that he and his cousin picked up shortly before the police stopped them. A few hours later, the defendant volunteered a different story. He stated that he was driving around with his cousin and Wilson, and they picked up Woods. The defendant knew Woods and Wilson were armed and intended to commit a robbery somewhere. Wilson and Woods asked the defendant and his cousin to stop the car and to wait for them. The defendant and his cousin waited for fifteen minutes behind a nearby strip shopping center. The defendant claimed he was scared but did not feel he could leave. The perpetrators ran to the car, jumped in pulling money from their pockets, and shouted, "Let's go."

It is well settled that "'"[a] principal in the second degree is one not the perpetrator, but present, aiding and abetting the act done."'" Foster v. Commonwealth, 179 Va. 96,

-

99, 18 S.E.2d 314, 315-16 (1942) (citations omitted). Mere presence at the scene of a crime is insufficient. However, when the person present at the scene of a crime is "'"encouraging or inciting the same by words, gestures, looks, or signs, or who in any way, or by any means, countenances or approves the same is, in law, assumed to be an aider and abettor, and is liable as principal."'" Id. at 99, 18 S.E.2d at 316 (emphasis added) (citations omitted). See Jones v. Commonwealth, 208 Va. 370, 373, 157 S.E.2d 907, 909 (1967).

The facts of the present case parallel in all crucial respects those of Whitbeck v. Commonwealth, 210 Va. 324, 170 S.E.2d 776 (1969). Whitbeck claimed he was present at, but did not assist in, the robbery. His two companions robbed a service station, returned to the car with two boxes, and put them on the front floorboard. The defendant claimed he slept on the backseat and never left the car, and he denied being a lookout. The trial court characterized Whitbeck's testimony as a "fantastic story," found that he was "present lending support," and convicted him as a principal. In affirming, the Supreme Court noted the defendant was at the scene of the crime, with others was found in possession of the tools and fruits of the crime, and gave an explanation of his presence and detachment from the crime that the trial court termed fantastic. Id. at 326, 170 S.E.2d at 778.

-

The facts of Whitbeck contrast with those in Webb v. Commonwealth, 214 Va. 377, 200 S.E.2d 518 (1973). In Webb, the defendant was driving the get-away car when stopped shortly after a robbery. The defendant claimed he joined the perpetrators after the robbery but before being stopped, and he maintained he was not with them during the robbery. No evidence placed him at the scene of the robbery. The Supreme Court held his presence with the robbers as the driver of a vehicle seen at the robbery was suspicious, but the circumstances did not eliminate the defendant's claim he was not at the scene and not the get-away driver.

In the present case, the defendant was with the perpetrators before and after the robbery. He knew their intentions, and at their request, he and his cousin waited out of sight but nearby while the robbery took place. Nothing suggests the defendant tried to dissuade the perpetrators from committing the crime, or tried to get out of the car during the fifteen minutes he waited for their return. The defendant drove off with the perpetrators and helped discard or conceal their identifying clothing.

The defendant gave conflicting stories initially saying he did not know the perpetrators then acknowledging that he knew them, that they intended to rob some place, and that he waited for them during the robbery. The fact finder may accept or reject in whole or in part either party's account of the facts.

-

Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993). The defendant maintains he did nothing to aid the perpetrators and did not share their intent to commit a robbery, but "the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citation omitted).

The defendant was not "merely present" as he maintains. When a defendant does nothing to discourage the commission of a crime, but is present with full knowledge of the perpetrator's intent, he "bolsters the perpetrator's resolve, lends countenance to the perpetrator's criminal intentions, and thereby aids and abets the actual perpetrator in the commission of the crime." Pugliese, 16 Va. App. at 94, 428 S.E.2d at 25. See Grant v. Commonwealth, 216 Va. 166, 168-69, 217 S.E.2d 806, 808 (1975).

The defendant knew the perpetrators were going to commit a robbery, he waited for them in the get-away vehicle to facilitate their escape, and during the escape he tried to hide the clothing worn during the robbery by placing it in the glove compartment or at his feet. A reasonable person could conclude the defendant shared the intent to commit a robbery. We conclude the evidence is sufficient to prove beyond a reasonable

-

doubt the defendant aided and abetted in the commission of a robbery.  Accordingly, we affirm his conviction.

Affirmed.