COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Senior Judge Annunziata
Argued at Richmond, Virginia


RASHAD JAMAR CASON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0318-08-2          JUDGE ROSEMARIE ANNUNZIATA
                                                    FEBRUARY 3, 2009
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Richard D. Taylor, Jr., Judge

              Jessica M. Bulos, Assistant Appellate Defender, for appellant.

              Joanne V. Frye, Assistant Attorney General (Robert F. McDonnell,
              Attorney General, on brief), for appellee.


       Rashad Jamar Cason was convicted of grand larceny in violation of Code § 18.2-95.  On

appeal, he contends the evidence was insufficient to prove he made unauthorized payments from his

employer's bank account.  For the reasons stated below, we affirm the conviction.

                                        Background

       On appeal, we view the evidence in the light most favorable to the Commonwealth, the

party prevailing below, and grant to it all reasonable inferences fairly deducible from the evidence.

Ragland v. Commonwealth, 16 Va. App. 913, 915, 434 S.E.2d 675, 676-77 (1993).

       In July 2006, Larry Jones, the owner of a flooring business, noticed questionable debits from

the bank account he used for his business.  Jones determined that from December 2005 to July

2006, debits totaling almost $10,000 were paid to companies with which he did not conduct

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

business. Jones had employed Cason from December 2005 to June 2006. Jones did not make the transactions from the bank account, and he testified no one else was authorized to use the account.

Jones contacted Christy Bowen, a fraud investigator at the bank. Bowen determined that many of the unauthorized transactions were made for the benefit of "Rashad Cason" or "Martina Cason." Martina is the name of Cason's wife.

Commonwealth's Exhibit 2 showed numerous withdrawals from Jones' bank account paid to companies such as T-Mobile or credit card companies where the names of Cason or his wife were listed as the beneficiary of the payments. In some instances, the records indicated that the payments were made by telephone. Bowen testified that transactions from accounts can be made by telephone if the caller provides the proper routing and account numbers. Payroll checks from Jones' business bank account issued to Cason contained the routing and account numbers at the bottom of the checks.

Jones testified that, after he received the information from the bank, he had a telephone conversation with Cason about the matter. Jones testified Cason told him "he knew it was happening and he didn't stop it."

Cason, a convicted felon, testified at the trial and denied using Jones' account to pay his own or his wife's bills. He denied that he told Jones "he knew it was happening and he didn't stop it." Cason testified that he provided his wife with copies of his payroll checks when he was away from home, stating that the copies were used as evidence of his employment when the family was trying to obtain a home.

Cason's wife testified that they are raising five children and she does not work outside the home. She stated that she uses her maiden name and never changed her last name to Cason. Cason's wife pays the bills for the family. She admitted receiving copies of Cason's paycheck, but denied using Jones' bank account information to pay the family's bills. Both Cason and his wife

denied knowledge of any of the accounts shown on Commonwealth's Exhibit 2 that reflect the receipt of payments from Jones' bank account.

The trial court specifically found that Cason's testimony was impeached by his felony conviction and that some of his testimony was "disingenuous" and untruthful. The trial court also found the testimony of Cason's wife was "totally lacking in credibility." The trial court further found that Jones' bank account was used to pay accounts for Cason's benefit and that Cason was aware of this use for that purpose. The trial court convicted Cason of grand larceny.

Analysis

Larceny is defined as the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently. Dunlavey v. Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945).

Cason acknowledges that the trial court found his testimony and his wife's testimony to be incredible. However, he asserts the Commonwealth's evidence did not dispel the reasonable hypothesis of innocence that another individual made the unauthorized payments from the account. Cason also contends the trial court erred in reasoning that his knowledge that payments were made from Jones' bank account for his benefit was, in itself, sufficient to support a grand larceny conviction as a principal in the second degree.

To be convicted of a crime, suspicion or probability of guilt is insufficient. Rather, the burden is upon the Commonwealth to prove every essential element of the offense beyond a reasonable doubt. Cameron v. Commonwealth, 211 Va. 108, 110, 175 S.E.2d 275, 276 (1970). When reviewing the sufficiency of the evidence presented at the trial of the offense to prove the elements of the crime, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002); see also Code § 8.01-680.

- 3 -

Thus, "the relevant question" on appeal "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We are also mindful that circumstantial "evidence 'is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Hollins v. Commonwealth, 19 Va. App. 223, 229, 450 S.E.2d 397, 400 (1994) (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983)). "Whether a hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong." Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999).

There is ample circumstantial evidence in this record from which the trial court could conclude that Cason made the unauthorized debits or aided and abetted in the commission of the crime as a principal in the second degree.[1] The evidence showed that the unauthorized transactions were paid to accounts containing the names Rashad Cason and Martina Cason. In addition, the transactions occurred during the time period Cason was employed at Jones'

---

[1] To hold the accused accountable as a principal in the second degree, the Commonwealth must prove the accused was "present, aiding and abetting, by helping some way in the commission of the crime." Ramsey v. Commonwealth, 2 Va. App. 265, 269, 343 S.E.2d 465, 468 (1986). It must be shown that the alleged accomplice committed some overt act of assistance or encouragement or that he shared the criminal intent of the actual perpetrator. Rollston v. Commonwealth, 11 Va. App. 535, 539, 399 S.E.2d 823, 825 (1991). Furthermore,

> "it is certain that proof that a person is present at the commission
> of a crime without disapproving or opposing it, is evidence from
> which, in connection with other circumstances, it is competent for
> the jury to infer that he assented thereto, lent to it his countenance
> and approval, and was thereby aiding and abetting the same."

Pugliese v. Commonwealth, 16 Va. App. 82, 93-94, 428 S.E.2d 16, 25 (1993) (quoting Foster v. Commonwealth, 179 Va. 96, 100, 18 S.E.2d 314, 316 (1942)).

business. The evidence further showed that Cason and his wife, by retaining copies of checks drawn on Jones' bank account, had ready access to the account and routing numbers required to make transactions from Jones' account by telephone. Furthermore, Jones testified, that during the telephone conversation, Cason indicated he knew "it" was happening, but he did nothing to stop it. Finally, as Cason acknowledges, the trial court rejected the testimony of Cason and his wife, including their lack of knowledge about the accounts containing their names to which payments were made from Jones' bank account. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

Therefore, from the evidence presented, the trial court could infer that Cason and/or his wife had opened the accounts to which the payments were made from Jones' business bank account. The trial court could also infer that Cason and/or his wife made the unauthorized transactions to these accounts from Jones' business bank account, using the routing and account numbers obtained from their retained copies of Cason's paychecks. Finally, even if the trial court concluded that Cason was not making the actual transactions, Cason, himself, established that he was aware that his wife was doing so and that he failed to oppose the conduct. When Cason's failure to disapprove or oppose his wife's conduct is viewed together with the other circumstances in the case, the trier of fact could reasonably conclude that Cason "'assented . . . [and] lent . . . his countenance and approval [to her conduct] . . . thereby aiding and abetting [the commission of the crime].'" Pugliese, 16 Va. App. at 94, 428 S.E.2d at 25 (quoting Foster, 179 Va. at 100, 18 S.E.2d at 316).

Cason's contention that the Commonwealth failed to exclude "every reasonable hypothesis of innocence," see Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419,

421 (1994), is without merit. No evidence was presented showing that someone other than Cason or his wife accessed Jones' bank account and used it for the benefit of Cason. Indeed, Jones acknowledged that he was the only person authorized to use the account. The hypotheses of innocence upon which a defendant relies must flow from the evidence and not result from speculation by the parties or the court. See Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Accordingly, whether Cason made the unauthorized transactions himself or supplied the necessary information to his wife for her to conduct the transactions, the evidence was sufficient to prove beyond a reasonable doubt that Cason committed grand larceny as either a principal in the first or second degree.

For these reasons, we affirm Cason's conviction. However, because the sentencing order mistakenly states that Cason was found guilty of embezzlement in violation of Code § 18.2-95, this matter is remanded to the trial court for the sole purpose of correcting that clerical error to reflect that Cason was convicted of grand larceny under Code § 18.2-95.

Affirmed.