UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Frank and Petty

JASMINE LANEES HALEY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1268-12-3                JUDGE WILLIAM G. PETTY
                                                          JUNE 11, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

(Jason S. Eisner; Office of the Public Defender, on brief), for
appellant.  Appellant submitting on brief.

(Kenneth T. Cuccinelli, II, Attorney General; Leah A. Darron, Senior
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


Jasmine Lanees Haley (appellant) was convicted of fraudulently converting rental property,

in violation of Code § 18.2-118.  On appeal, appellant argues that the trial court erred in finding

sufficient evidence to convict her of this offense because she contends that the evidence

affirmatively established that she was not involved in the conversion of the rental property.[1]  We

disagree with this argument, and we affirm appellant's conviction.

I.

Because the parties are fully conversant with the record in this case and this memorandum

opinion carries no precedential value, we recite below only those facts and incidents of the

proceedings as are necessary to the parties' understanding of the disposition of this appeal.  "On

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant does not contend that the evidence failed to establish the requite intent to
defraud, so we need not address that element of the offense.

appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).  When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)).  "We must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)).

II.

Code § 18.2-118, under which appellant was convicted, states in pertinent part:

> *(a)* Whenever any person is in possession or control of any personal property, by virtue of or subject to a written lease of such property, except property described in § 18.2-117, and such person so in possession or control shall, *with intent to defraud, sell, secrete, or destroy the property, or dispose of the property for his own use*, or fraudulently remove the same from the Commonwealth without the written consent of the lessor thereof, or fail to return such property to the lessor thereof within ten days after expiration of the lease or rental period for such property stated in such written lease, he *shall be deemed guilty of the larceny thereof*.

(Emphasis added).  Appellant contends there is insufficient evidence that she violated Code § 18.2-118(a)[2] because the property at issue was not sold or disposed of through an act of her

---

[2] Although the trial court's sentencing order states that appellant was convicted of violating Code § 18.2-118, the parties agree that only subsection (a) of Code § 18.2-118 is applicable here.  Subsection (b) is not applicable because it addresses situations in which a defendant fails to return rental property after written notice has been given.  Here, Ramona Lyon's certified letter was returned unclaimed and apparently was not sent to appellant's address specified on the lease.  Thus, this Court only addresses Code § 18.2-118(a).

- 2 -

own. Appellant also argues that there is no connection between appellant and the third party who sold the property. However, ample circumstantial evidence proves that appellant fraudulently disposed of the property for purposes of Code § 18.2-118(a).

"Circumstantial evidence . . . is evidence of facts or circumstances not in issue from which facts or circumstances in issue may be inferred." Byers v. Commonwealth, 23 Va. App. 146, 151, 474 S.E.2d 852, 854 (1996) (internal quotation marks and citation deleted). "'Circumstantial evidence [presented during the course of the trial] is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Salcedo v. Commonwealth, 58 Va. App. 525, 535, 712 S.E.2d 8, 12 (2011) (quoting Holloway v. Commonwealth, 57 Va. App. 658, 665, 705 S.E.2d 510, 513 (2011) (*en banc*)).

On October 7, 2011, appellant entered into a rental agreement with Colortyme Rent to Own in Danville for a 42-inch flat screen television. The television cost $1,039.47, and appellant made the initial payment of $19.99 upon delivery to her apartment. She did not make any of the remaining payments. When appellant did not make her next payment, which was due on October 13, 2011, store manager Ramona Lyon contacted appellant by phone. Appellant stated to Lyon that she "had a party, the television had got broken and she threw it away." Given that the trial court found that this statement by appellant was false, the trial judge was entitled to infer, as it did, that this false statement was probative to show appellant was trying to conceal her guilt, and thus was evidence of her guilt. See Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981) ("The fact finder need not believe the accused's explanation and may infer that he is trying to conceal his guilt.").

Contrary to appellant's initial explanation to Lyon, the record shows that the television was sold for $300 at Riverside Pawn Company by a third party on November 25, 2011. After

Lyon discovered the television had been sold at a pawnshop, she confronted appellant on December 5, 2011. Instead of offering an explanation consistent with her earlier statement, appellant admitted she was responsible for the rental of the television, but stated she was not going to pay for it. Appellant said that she "wasn't taking the blame for the T.V." and told Lyon "just to do what we needed to do."

Based on this record, appellant "dispose[d] of the property for [her] own use" for purposes of Code § 18.2-118(a). The television was in her custody, and it was later sold at a pawnshop. Thus, she must have, in some fashion, disposed of the television. It is irrelevant that she was not the person who later sold the television at the pawnshop, especially given the credibility finding by the trial court that appellant's initial explanation that the television was broken and that she had thrown it away was false.

Viewing the evidence in the light most favorable to the Commonwealth, appellant "dispose[d] of the property for [her] own use" under Code § 18.2-118(a) because, as the trial court reasonably concluded, appellant was complicit in the delivery of the television to the individual who ultimately sold it. Furthermore, Code § 18.2-18 provides, in pertinent part, "[i]n the case of every felony, every principal in the second degree and every accessory before the fact may be indicted, tried, convicted, and punished in all respects as if a principal in the first degree." "An accessory has been defined as 'one not present at the commission of the offense, but who is in some way concerned therein, either before or after, as contriver, instigator or advisor, or as a receiver or protector of the perpetrator.'" Tolley v. Comonwealth, 216 Va. 341, 348, 218 S.E.2d 550, 555 (1975) (quoting Foster v. Commonwealth, 179 Va. 96, 99, 18 S.E.2d 314, 315 (1942)).

Here, appellant's initial explanation to Lyon that she had thrown away the television, which the trial court found was false, served to aid the person who later sold the television at the

pawnshop. Appellant's false statement hindered Colortyme Rent to Own from locating the television and preventing its sale at the pawnshop. The trial court reasonably inferred appellant was complicit in the sale of the television to the pawnshop. Therefore, appellant was equally liable as the third party who sold the television. See Code § 18.2-18.

In summary, a rational fact finder could conclude that appellant disposed of the television and was complicit in its conversion. Appellant entered into a rental agreement for the television, only made the initial payment on the day she took possession, and never made another payment. She falsely said that the television was broken and that she had thrown it away, when the television was instead pawned for $300. Appellant later acknowledged her earlier false statement, acknowledged her responsibility for the rental of the television, and said she would not pay the rental company back. Thus, appellant was "in possession or control . . . with intent to defraud, sell, secrete, or destroy the property, or dispose of the property for [her] own use" such that she "shall be deemed guilty of the larceny thereof." Code § 18.2-118(a). Accordingly, a rational fact finder could have convicted appellant under Code § 18.2-118(a).

III.

For the foregoing reasons, we affirm appellant's conviction under Code § 18.2-118.

Affirmed.