Salem

MICHAEL TRAVIS FLEMING

v.

COMMONWEALTH OF VIRGINIA

No. 1588-89-3

Decided December 3, 1991

350

COUNSEL

Gilbert K. Davis, for appellant.

Katherine B. Toone, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLEMAN, J.—Michael Travis Fleming was convicted as a principal in the second degree for unlawfully shooting a firearm at an occupied dwelling, in violation of Code § 18.2-279, and for knowingly attempting to intimidate a witness, in violation of Code § 18.2-460(A). He contends that the evidence was insufficient to prove that he was guilty as a principal in the second degree of shooting at an occupied dwelling because the evidence failed to show that the perpetrator intended to shoot at the dwelling. As to the conviction that he attempted to intimidate a witness, he contends the evidence was insufficient to support that con-

viction because it failed to show that the person he attempted to intimidate was expected to testify at a future court proceeding. We disagree and affirm the convictions.

On the evening of January 7, 1989, Fleming and Franklin Kivett drove in Kivett's pickup truck from North Carolina, where Kivett resided, to Dickenson County, Virginia. When they arrived in Dickenson County, Kivett stopped the vehicle, and Fleming retrieved Kivett's semi-automatic AR-15 rifle from the back of the truck. Fleming told Kivett that he, Fleming, was going to drive to the home of Gary Nowlin, a state police informant who had been testifying in a criminal drug investigation case in Dickenson County. Fleming told Kivett that he wanted to scare Nowlin because Nowlin had had Fleming's father "locked up," and Nowlin was going to testify against the elder Fleming.

Gary Nowlin was not at home on the night of January 7, 1989, but his brother, Larry Nowlin, was there. Larry Nowlin had parked his truck in front of his father's home, had entered and switched on the living room light or the porch light, and had just entered the bathroom when he heard a barrage of gunfire.

Larry Nowlin called the Dickenson County Sheriff's Department to report the incident. When the sheriff's deputies arrived at the Nowlin residence, they found spent shell casings on the shoulder of the road running in front and approximately sixty feet from the house, spanning a distance of ninety-one feet and about six inches to eight feet away from the edge of the roadway. A total of eighteen bullet holes were in Larry Nowlin's truck, which was parked in front of and facing the house.

In addition to the bullet holes in the truck, a bullet hole was found in an oil tank located outside the Nowlin home, approximately one foot from the bathroom window. A second hole which had not been present when Larry Nowlin entered the home that evening was found in the front porch carpeting.

Later that evening, two deputies who were on the alert for a pickup truck based on a report of the incident saw Fleming, Kivett, and another passenger who were traveling in a pickup truck on an abandoned strip-mine road in Dickenson County. The officers, who knew of outstanding felony warrants for Fleming, stopped the truck and arrested him.

Fleming was indicted as a principal in the second degree on charges of damaging personal property, maliciously shooting at an occupied dwelling, and attempting to intimidate by the use of force a witness in a drug-related conspiracy investigation pursuant to Code § 18.2-248.1. At Fleming's jury trial, Franklin Kivett testified that Fleming had driven his truck to Gary Nowlin's residence on January 7, 1989, and that he (Kivett) had aimed an AR-15 semi-automatic rifle at the truck which was parked in front of the Nowlin residence and had discharged approximately twenty rounds at or into the truck.

In addition to being found guilty of damaging the truck, the jury found Fleming guilty of unlawfully discharging a firearm at an occupied dwelling in violation of Code § 18.2-279 and of attempting to intimidate a witness in violation of Code § 18.2-460(A).[1] The court sentenced him to three years in the penitentiary on the firing at an occupied dwelling charge and twelve months in jail on the witness intimidation offense, in accordance with the jury's verdicts.

Fleming first contends that the evidence was insufficient to support his conviction as a principal in the second degree to the offense of unlawfully shooting at an occupied dwelling because the Commonwealth failed to prove that Kivett, the principal in the first degree, had the requisite intent. Thus, the appellant contends that because the Commonwealth failed to establish an element essential to prove the guilt of the perpetrator, his conviction as a principal in the second degree cannot stand.

■ A principal in the first degree is the actual perpetrator of the crime; a principal in the second degree is one who is present, actually or constructively, assisting the perpetrator in the commission of the crime. *Hall v. Commonwealth*, 8 Va. App. 526, 530, 383 S.E.2d 18, 20 (1989). Before a person may be convicted as a principal in the second degree, the Commonwealth bears the burden of proving that a principal in the first degree committed the underlying substantive offense. *See Sult v. Commonwealth*, 221 Va. 915, 918, 275 S.E.2d 608, 609 (1981); *Dusenbery v. Commonwealth*, 220 Va. 770, 771-72, 263 S.E.2d 392, 393 (1980);

---

[1] The appellant does not challenge the sufficiency of the evidence to support the misdemeanor conviction for damaging personal property by virtue of his aiding and abetting Kivett shooting into the truck.

*Hall,* 8 Va. App. at 530, 383 S.E.2d at 20. Fleming was convicted of unlawfully discharging a firearm at an occupied dwelling in violation of Code § 18.2-279 which provides, in pertinent part:

> If any person . . . maliciously shoot at . . . or against any dwelling house . . . when occupied by one or more persons, whereby the life or lives of any such person or persons may be put in peril, the person so offending shall be guilty of a Class 4 felony. . . . If any such act be done unlawfully, but not maliciously, the person so offending shall be guilty of a Class 6 felony; and, in the event of the death of any person resulting from such unlawful shooting or throwing, the person so offending shall be guilty of involuntary manslaughter.

Thus, to convict the appellant, the Commonwealth had to prove that Kivett, the principal in the first degree, unlawfully shot at an occupied dwelling in violation of Code § 18.2-279. We turn to that question.

Fleming does not contend that the evidence in the trial court was insufficient to prove that he was a principal in the second degree, provided that the evidence showed that Kivett committed the offense. Rather, he argues that the requisite intent of the principal in the first degree was not proven, and, therefore, he cannot be convicted as a principal in the second degree.

Intent may, and most often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts are within the province of the trier of fact. *Bell v. Commonwealth,* 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991). Moreover, "[t]he fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts." *Id.*

> When considering the sufficiency of evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom. The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it.

*Rollston v. Commonwealth,* 11 Va. App. 535, 544, 399 S.E.2d 823, 828 (1991) (citations omitted). We must, therefore, deter-

mine what intent is required to be proven as an element of the offense and whether the evidence was sufficient to prove that intent. Unless the verdict below was plainly wrong or without evidence to support it, it must be affirmed.

The evidence presented at trial was that Kivett, the principal in the first degree, voluntarily discharged approximately twenty rounds from an AR-15 semi-automatic rifle from a truck driven by Fleming at or into Larry Nowlin's truck, which was also in the direction of Gary Nowlin's residence, and which was occupied at the time by the owner's brother, Larry Nowlin. The evidence also established that the roadway from which the shots were fired was no more than sixty feet from the residence and that one of the bullets struck an oil tank located approximately one foot from the residence. A hole which did not exist before the shooting incident was found in the carpeting on the porch of the residence, and eighteen bullet holes were found in Larry Nowlin's truck parked directly in front of the residence.

Viewing this evidence, as we must, in the light most favorable to the Commonwealth, the jury reasonably could have inferred that Kivett unlawfully shot at the occupied dwelling in violation of Code § 18.2-279, in addition to having shot at or into the vehicle parked in front of it.

In order to prove a violation of Code § 18.2-279, the Commonwealth was required to prove that Kivett unlawfully discharged a firearm at an occupied dwelling. We hold that the offense as defined by the statute is not a specific intent crime; rather, it is a general intent offense. A violation of the statute may be established upon proof that a person unlawfully discharged a firearm at or in the direction of an occupied dwelling if the person knew or should have known that the dwelling was in the line of fire, even if the person did not specifically intend to shoot at or into the dwelling. The fact finder may infer that the perpetrator had an unlawful intent from the commission of an unlawful act. *See Merritt v. Commonwealth*, 164 Va. 653, 662, 180 S.E. 395, 399 (1935). Furthermore, the statute no longer proscribes as criminal shooting "into" an occupied dwelling. When the General Assembly enacted Title 18.2, revising Title 18.1, it deleted the "into" language and rewrote the statute to make unlawful shooting "at . . . or against" an occupied dwelling. *See Dowdy v. Commonwealth*, 220 Va. 114, 117, 255 S.E.2d 506, 508 (1979) (the revi-

sion was intended by the legislature to be a declaration that human lives may be endangered when a deadly weapon is discharged "at or against" an occupied building, thus relieving the Commonwealth of the burden of proving that human life was endangered). The word "at" has a common and easily understood meaning and is defined as "a function word used to indicate . . . that toward which an action . . . is directed." *Webster's Third New International Dictionary* 136 (3d ed. 1981). Thus, all that is required of the Commonwealth to prove a violation of Code § 18.2-279 is that it prove beyond a reasonable doubt that the principal in the first degree intended to shoot at or toward an occupied dwelling.

Since the offense requires only this general intent, the evidence in this case was sufficient for the jury to have inferred that Kivett knew when he fired twenty shots from a semi-automatic weapon at a truck located directly in front of an occupied residence from a distance of sixty feet that he was shooting at, toward, and in the direction of an occupied dwelling. The evidence was sufficient to prove that Kivett, the principal in the first degree, notwithstanding his testimony that he intended to shoot at the truck, also intended to shoot "at" the occupied dwelling. Kivett testified that his purpose in going to Nowlin's residence on this particular occasion was to "scare" Gary Nowlin. The jury could have reasonably inferred from this expressed purpose that Kivett, believing that Gary Nowlin occupied the residence at the time, intended to shoot at or toward Nowlin's residence in order to frighten him. Thus, the jury's verdict is not plainly wrong or without evidence to support it. Accordingly, we affirm that conviction.

Fleming next contends that the evidence was insufficient to support his conviction as a principal in the second degree to attempting to intimidate a witness, in violation of Code § 18.2-460(A). Fleming contends that there was no proof that Gary Nowlin, the subject of the attempted intimidation, was expected to testify at a future court proceeding. Code § 18.2-460(A) reads, in pertinent part: "If any person, by threats, or force, knowingly attempts to intimidate or impede a . . . witness . . . *lawfully engaged in his duties as such*, or to obstruct or impede the administration of justice in any court, he shall be deemed guilty of a Class I misdemeanor" (emphasis added). Fleming contended in the trial court that because the statute must be construed narrowly in favor of an

accused, the element of the statute that a witness must be "lawfully engaged in his duties" requires that the person presently be a witness in a pending investigation or litigation. Fleming successfully argued in the trial court that the prohibition in the statute does not include a witness who has already testified. The trial court accepted this argument and instructed the jury accordingly. Thus, Fleming argues, the evidence was insufficient to establish that Gary Nowlin, according to the law of the case, was expected to testify in some future court proceeding.

■ By limiting our review to whether the evidence was sufficient to prove that Fleming intimidated a witness who would be expected to testify, we do not necessarily uphold the trial court's ruling that Code § 18.2-460(A) protects only witnesses who are expected to testify at a future court proceeding. The statute was enacted for the purpose of deterring those who intimidate *any* witness lawfully engaged in his duties as such. Nevertheless, we decide whether the evidence was sufficient to prove the offense as defined by the trial court.

As to whether Nowlin was a witness "lawfully engaged in his duties," Special Agent Gary Hall of the Virginia State Police Bureau of Criminal Investigation testified that Gary Nowlin had been testifying in a drug investigation that was ongoing which was being conducted in Dickenson County. In addition, Franklin Kivett testified that Fleming told him that he was mad at Nowlin "because he had his old man locked up," and that Nowlin "was going to testify against his father." Viewing this evidence in the light most favorable to the Commonwealth, as we do on appeal, *Rollston*, 11 Va. App. at 544, 399 S.E.2d at 828, the jury could have reasonably inferred that Gary Nowlin was a witness in a continuing drug investigation case, was expected to testify at a future court proceeding, and was "lawfully engaged in his duties as such" when the attempted intimidation occurred. The jury's verdict was not plainly wrong, or without evidence to support it; accordingly, we also affirm Fleming's conviction as a principal in the second degree to the offense of attempting to intimidate a witness, in violation of Code § 18.2-460(A).

*Affirmed.*

Koontz, C.J., and Elder, J., concurred.