COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Elder
Argued at Salem, Virginia


JOSEPH WILLIAM LAMONT DAVIS

v.          Record No. 1959-95-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE LARRY G. ELDER
OCTOBER 1, 1996


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge


Wade Allen Bowie (Richard P. Cunningham &
Associates, P.C., on briefs), for appellant.

Margaret Ann B. Walker, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


Joseph William Lamont Davis (appellant) appeals his

conviction for malicious wounding, in violation of Code

§ 18.2-51, and use of a firearm in the commission of malicious

wounding, in violation of Code § 18.2-53.1.  Appellant contends

that the Commonwealth failed to present sufficient evidence to

support the convictions.  We disagree and affirm appellant's

convictions.

I.

FACTS

On February 20, 1995, Troy Roberson and a group of people

gathered outside Roberson's residence in Lynchburg.  A car

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

carrying appellant, Darrell Morgan, and Damien Saunders pulled up in front of a neighbor's house. The three men exited the car, approached Roberson, and demanded that he return some car rims that appellant believed that Roberson possessed. Appellant became angry when Roberson denied having knowledge of the rims. Appellant and Morgan each pulled out a gun and placed them against Roberson's head, while Saunders took forty dollars from Roberson's pants pocket.

Roberson then began to run toward his residence. As Roberson ran, he looked back at appellant and Morgan and saw appellant "shooting at [him]." Roberson testified that he saw appellant fire the first gunshot, which missed him and hit his house. Appellant conceded that the evidence proved that he fired the first gunshot. Roberson did not look back to see who fired the additional six gunshots. Roberson testified that he believed, but was not sure, that the second shot fired was the one that hit him in his arm. A witness testified that he saw shots fired from the vicinity of where appellant and Morgan were standing, but he could not say whether either, or both, of the men fired shots at Roberson.

Police found six bullet holes in Roberson's residence. Appellant gave a statement after his arrest denying his presence when the shooting occurred. Evidence also showed that appellant sent Roberson several letters denying involvement in the shooting and offering Roberson $2,000 to "drop it."

Appellant and Morgan were tried at a bench trial on July 10, 1995. The trial court struck the evidence against Morgan, but found appellant guilty of the charged offenses. Appellant now appeals to this Court.

## II.

### SUFFICIENCY OF THE EVIDENCE

When the sufficiency of the evidence is challenged on appeal, we must construe the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). Even where evidence is entirely circumstantial, the inferences drawn from the circumstantial evidence are within the province of the fact finder and not the appellate court so long as the inferences are reasonable and justified. O'Brien v. Commonwealth, 4 Va. App. 261, 263-64, 356 S.E.2d 449, 450 (1987). "[C]ircumstantial evidence alone is sufficient to sustain a conviction." Johnson v. Commonwealth, 2 Va. App. 598, 604-05, 347 S.E.2d 163, 167 (1986). However, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." Moran v. Commonwealth, 4 Va. App. 310, 314, 357 S.E.2d 551, 553 (1987).

Viewing the evidence in the light most favorable to the Commonwealth, we hold that the Commonwealth presented sufficient evidence to convict appellant of the charged crimes. Appellant

-3-

admits that he fired the first gunshot which missed Roberson but hit Roberson's house. The trial court reasonably inferred from the credible evidence that the remaining six gunshots originated from the guns fired by appellant and/or Morgan. The one gunshot wounding Roberson therefore originated from either appellant's gun or Morgan's gun. Assuming that the gunshot which wounded Roberson originated from <u>Morgan's</u> gun, appellant would be responsible as a principal in the second degree, under the "concert of action" theory.

Concert of action has been defined as "action that has been planned, arranged, adjusted, agreed on and settled between the parties acting together pursuant to some design or scheme." <u>Berkeley v. Commonwealth</u>, 19 Va. App. 279, 283, 451 S.E.2d 41, 43 (1994). "All participants in such planned enterprises may be held accountable for incidental crimes committed by another participant during the enterprise even though not originally or specifically designed." <u>Id.</u>[1] In this case, Morgan and appellant

---

[1] In <u>Carter v. Commonwealth</u>, 232 Va. 122, 126-27, 348 S.E.2d 265, 268 (1986), the Supreme Court of Virginia stated:

> All those who assemble themselves together with an intent to commit a wrongful act, the execution whereof makes probable, in the nature of things, a crime not specifically designed, but incidental to that which was the object of the confederacy, are responsible for such incidental crime. Hence, it is not necessary that the crime should be a part of the original design; it is enough if it be one of the incidental probable consequences of the execution of that design, and should appear at the moment to one of the participants to be expedient

acted together in demanding that Roberson return the rims and in holding guns to his head while Saunders took money from Roberson's pocket in place of the rims. The evidence supported the reasonable inference that when Roberson fled toward his residence, Morgan and appellant pointed their weapons at him in a joint and concerted effort to stop him from fleeing or to retaliate. Assuming that appellant did not fire the wounding shot, appellant was nonetheless criminally responsible for Morgan's acts, as a principal in the second degree, under the concert of action theory.[2] Riddick v. Commonwealth, 226 Va. 244, 248, 308 S.E.2d 117, 119 (1983)(holding that "even if [defendant's cohort] killed the victim, defendant was criminally responsible for the acts of the gunman . . . as a principal in the second degree"). See also Washington v. Commonwealth, 216 Va. 185, 191, 217 S.E.2d 815, 821-22 (1975)(holding that where

---

for the common purpose.

See also Ascher v. Commonwealth, 12 Va. App. 1105, 1128, 408 S.E.2d 906, 920 (1991), cert. denied, 506 U.S. 865 (1992); Rollston v. Commonwealth, 11 Va. App. 535, 541-42, 399 S.E.2d 823, 827 (1991).

[2] We recognize that "[b]efore a person may be convicted as a principal in the second degree, the Commonwealth bears the burden of proving that a principal in the first degree committed the underlying substantive offense." Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 182 (1991). Appellant argues that because the trial court struck all charges against Morgan, the trial court could not have held appellant liable as a principal in the second degree. Under the facts of this case, we disagree. If appellant did not fire the wounding shot, as he maintains, then the credible evidence proves only one other theory: that Morgan, as the principal in the first degree, fired the wounding shot.

the defendant acted in concert with his cohort in killing a prison guard, the Commonwealth did not have to establish which of the two men fired the fatal shots).

For these reasons, we affirm appellant's convictions.

<u>Affirmed.</u>