COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Frank and Clements
Argued at Alexandria, Virginia


MELVIN ANTONIO ALSTON
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0468-01-4   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         APRIL 30, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                 Ann Hunter Simpson, Judge

      John Franklin for appellant.

      Margaret W. Reed, Assistant Attorney General
      (Randolph A. Beales, Acting Attorney
      General, on brief), for appellee.


     Melvin Antonio Alston (appellant) was convicted in a jury

trial of breaking and entering, in violation of Code § 18.2-90.[1]

Appellant contends the evidence is insufficient to prove he

intended to rob the victim at the time he entered the dwelling.

For the following reasons, we affirm appellant's conviction.

                        I.  BACKGROUND

          "When considering the sufficiency of
          the evidence on appeal of a criminal
          conviction, we must view all the evidence in
          the light most favorable to the Commonwealth
          and accord to the evidence all reasonable
          inferences fairly deducible therefrom.  The

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

      [1] Appellant was also convicted of abduction, robbery,
assault and battery and unlawful wounding.  However, these
convictions are not at issue in this appeal.

> jury's verdict will not be disturbed unless plainly wrong or without evidence to support it."

Hucks v. Commonwealth, 33 Va. App. 168, 177, 531 S.E.2d 658, 662 (2000) (quoting Clark v. Commonwealth, 30 Va. App. 406, 409-10, 517 S.E.2d 260, 261 (1999)).

So viewed, the evidence established that on July 8, 1999, at approximately 1:00 p.m., Jane Dowling, a sixty-three-year-old widow who lived alone, was in her basement and heard a strange noise upstairs. When she went to investigate the source of the noise, she encountered appellant coming out of her bathroom. She later recognized him as the person who had done work for a neighbor. Appellant told Dowling that he did not want her to see him. Dowling attempted to run away, but appellant grabbed her by the back of the neck and forced her into her bedroom. He slammed her, face first, onto her bed causing her knees to hit the floor. She received a cut over her eye, a black eye and a cracked cheekbone. He told her to take off her clothes and when Dowling refused, appellant took money from her purse, threw it at Dowling, and told her to count it. He put the money from Dowling's purse in his pocket. Appellant then tied Dowling's hands and feet with belts from her closet and placed a gag over her mouth before forcing her into the bathroom. As he left her in the bathroom, he wiped his fingerprints off the door. Nothing was missing from the home except the money taken from Dowling.

-

Initially, when questioned by police about the robbery, appellant said he was in bed until approximately noon on July 8, 1999. When the police told him they had information he was in Dowling's neighborhood that day, appellant stated that he was in the neighborhood searching for yard work at approximately 1:00 p.m.

## II. SUFFICIENCY OF THE EVIDENCE

Code § 18.2-90 provides in pertinent part: "If any person . . . in the daytime breaks and enters . . . a dwelling house . . . with intent to commit . . . robbery . . ., he shall be deemed guilty of statutory burglary . . . ."

"This Court does not substitute its judgment for that of the trier of fact." Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999) (citing Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992)). "Intent may, and most often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts are within the province of the trier of fact." Summerlin v. Commonwealth, 37 Va. App. 288, 297, 557 S.E.2d 731, 736 (2002) (citing Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991)). "Intent may be shown by a person's conduct and by his statements." Id. at 297-98, 557 S.E.2d at 736 (citing Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989)).

Appellant contends that his statement to the victim, "I didn't want you to see me" establishes that his intent to rob was formed only after he entered the home and, thus, could not be the basis for his conviction. We disagree.

> A person may commit a crime with more than one purpose, and the fact that the act is done with two or more specific objectives does not mean that the Commonwealth has failed to prove the specific intent to commit the charged crime. . . . By proving that an accused harbored two or more specific criminal intents, the Commonwealth has excluded every reasonable hypothesis of "innocence."

Hughes v. Commonwealth, 18 Va. App. 510, 530-31, 446 S.E.2d 451, 463 (1994) (en banc) (Coleman, J., concurring). See, e.g., United States v. Snow, 507 F.2d 22, 24 (7th Cir. 1974); O'Neal v. United States, 240 F.2d 700, 702 (10th Cir. 1957).

In the instant case, the evidence supports the jury's finding that appellant broke into Dowling's home with the intent to rob her if she was present. The fact that he might also have intended to commit a larceny while inside the home is of no moment. Appellant, who had recently worked for Dowling's neighbor, knew she was a widow who lived alone. He entered her home in the middle of the day when it was likely she would be inside. Upon confronting her, he immediately assaulted her and took money from her purse. The jurors were not required to accept appellant's statement that he did not want the victim to see him as indicative of an intent only to commit a larceny.

-

They could also reasonably infer that he broke and entered the home with the intent to rob her, but to seize her in a manner which would have prevented her seeing his face.  The inferences to be drawn from his statement were clearly within the province of the jury.  See also Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (when a defendant gives a false account of the circumstances surrounding a crime, the trier of fact is entitled to infer that he lied to conceal his guilt).

For the foregoing reasons, we affirm appellant's conviction of breaking and entering.

Affirmed.