Tuesday                    5th

February, 2008.


Ernest Leon Selph, Jr.,                                                    Appellant,

 against          Record No. 1990-05-2
                        Circuit Court No. CR04F00565-01

Commonwealth of Virginia,                                          Appellee.


From the Circuit Court of Chesterfield County


In accordance with the mandate of the Supreme Court of Virginia entered on November

21, 2007 and the order of that Court entered on November 2, 2007, the opinion previously

rendered by a panel of this Court on July 18, 2006 is withdrawn, the mandate entered on that date

is vacated, and final judgment is entered vacating appellant's conviction.

This order shall be published and certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judges Elder and Beales
Argued at Chesapeake, Virginia


ERNEST LEON SELPH, JR.
                                                            OPINION BY
v.         Record No. 1990-05-2              JUDGE LARRY G. ELDER
                                                            JULY 18, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Herbert C. Gill, Jr., Judge

Aubrey R. Bowles, IV (Bowles and Bowles, on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for appellee.


        Ernest Leon Selph, Jr., (appellant) appeals from his bench trial conviction for obstruction

of justice in violation of Code § 18.2-460(C), a Class 5 felony.  The conviction was based on a

threat he made toward a witness who testified against him in his trial for robbery.  He made this

threat after the witness had testified and the jury had returned a verdict of guilty.  Thus, he

contends, his threat did not constitute obstruction of justice because the witness was not

"lawfully engaged in the discharge of his duty" at the time of the threat.  He also contends the

evidence was insufficient to support his conviction for obstructing justice because it failed to

prove he acted with specific intent to intimidate and failed to prove the witness saw or heard the

alleged threat.  We hold the evidence was sufficient to support appellant's conviction, and we

affirm.

I.

BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

On October 30, 2003, appellant was tried for several offenses including robbery. During the trial for those offenses, appellant's nephew, Barry Selph, testified for the Commonwealth. After the jury returned guilty verdicts and the judge had read the verdicts, appellant turned toward the rear of the courtroom "in the direction of the nephew," Barry Selph, and said, "You're dead." Later, when appellant "stood up with his attorney and proceeded towards the holding area," appellant "turned again" in Barry Selph's direction, put his left hand to his temple, "with [his] left index finger extended touching [his] temple and [his] thumb pointed upwards," and again said, "You're dead."

The Commonwealth subsequently prosecuted appellant for obstructing justice based on the threats he made during his robbery trial on October 30, 2003. The Commonwealth's only witness was Detective J.A. Capocelli, who testified that, at the conclusion of the guilt phase of appellant's robbery trial on October 30, 2003, he was in the rear of the courtroom on the prosecution's side and saw and heard appellant's threat. Capocelli testified that Barry Selph was seated on the defense side of the courtroom about twenty feet from appellant when appellant made these statements. Detective Capocelli did not recall that any witnesses other than Barry Selph were sitting on the defense side of the courtroom when appellant turned around and said, "You're dead." Other witnesses were also present, but they, like Detective Capocelli, were

- 2 -

seated behind the prosecution's table on the opposite side of the courtroom from appellant and witness Barry Selph.

Also at appellant's trial for obstructing justice, the Commonwealth asked the trial court "to take cognizance of its own records," including a defense motion for a new trial following appellant's October 30, 2003 conviction for the original offenses. In that motion, appellant alleged Barry Selph's testimony was "a major factor leading the Jury to render a guilty verdict" against him and that Barry Selph "may have perjured himself" in order to gain favor with the Commonwealth regarding an unrelated charge. Accompanying appellant's new trial motion was a subpoena for Barry Selph. The Commonwealth also had a subpoena issued for Barry Selph in regard to that motion. Both subpoenas were returned "not found." Appellant indicated he had no objection to the Commonwealth's request, and the trial court said it would "take judicial notice of its own record in reference to those documents."

In a written memorandum of June 14, 2004, appellant objected to the obstruction charge on both legal and factual grounds. He argued first that he could not be convicted for attempting to intimidate Barry Selph because at the time of the alleged actions, Barry Selph was not a "witness . . . lawfully engaged in the discharge of his duty." He also argued his conviction required proof that the witness saw or heard the alleged threat.

The Commonwealth argued that, at the time appellant made the threat, Barry Selph was still a witness within the meaning of the statute because, although the jury had returned a verdict in the guilt phase, the witness "was still in the courtroom in between the guilt and sentencing phases on the day of trial," and, thus, was still "lawfully engaged in his duties." It also pointed out that the record did not indicate Barry Selph had been released as a witness at that time. In addition, appellant himself thereafter sought Barry Selph's ongoing participation as a witness, as shown by the fact that appellant filed "a motion for a new trial predicated upon the claim that

- 3 -

Barry Selph had testified untruthfully at [appellant's] trial" and asked that Barry Selph be subpoenaed in regard to that motion. Thus, contended the Commonwealth, the trial court retained jurisdiction over the matter in which Barry Selph was a witness and had an important interest in protecting the right of a witness not to be threatened.

After brief argument on the issue, the trial court found appellant guilty of obstructing justice. Following preparation of a presentence report, the court sentenced appellant to ten years, the statutory maximum, but suspended all but six months for a period of twenty years.

Appellant then noted this appeal.

## II.

## ANALYSIS

Code § 18.2-460 provides in relevant part as follows:

> C. If any person by threats of bodily harm or force knowingly attempts to intimidate or impede a judge, magistrate, justice, juror, witness, or any law-enforcement officer, lawfully engaged in the discharge of his duty, or to obstruct or impede the administration of justice in any court relating to a violation of or conspiracy to violate [certain enumerated drug statutes], or relating to the violation of or conspiracy to violate any violent felony offense listed in subsection C of § 17.1-805, he shall be guilty of a Class 5 felony.

This statutory language

> provides for two separate methods of violating the subsection: 1) a knowing attempt to intimidate or impede a law enforcement officer [or other specified person, including a witness,] in the performance of his duties; and 2) a knowing attempt to obstruct or impede the administration of justice in any court when the conduct at issue relates in some manner to the specified [drug or felony] offenses.

Garcia v. Commonwealth, 40 Va. App. 184, 192, 578 S.E.2d 97, 101 (2003). Appellant was indicted for violating the first of these provisions and contends the evidence failed, as a matter of law, to prove the witness he was accused of intimidating was "lawfully engaged in the discharge of his duty" at the time. He also contends the evidence was insufficient to support his conviction

- 4 -

because it failed to prove he had the specific intent to intimidate or that the witness saw or heard the alleged threat. For the reasons that follow, we disagree.

A.

WITNESS "LAWFULLY ENGAGED IN THE DISCHARGE OF HIS DUTY"

Our holding in Fleming v. Commonwealth, 13 Va. App. 349, 412 S.E.2d 180 (1991), is instructive. In Fleming, we considered the meaning of similar language in a different subsection of Code § 18.2-460. Id. at 355-56, 412 S.E.2d at 184-85. Fleming involved a subsection proscribing, in part, "'knowingly attempt[ing] to intimidate or impede a . . . witness . . . *lawfully engaged in his duties as such*.'" Id. at 355, 412 S.E.2d at 184 (quoting former Code § 18.2-460(A), now codified at § 18.2-460(B)). The evidence established that a witness named Nowlin "had been testifying in a drug investigation that was ongoing" and that the defendant believed Nowlin had already "had Fleming's father 'locked up'" and "was going to testify against his father." Id. at 351, 412 S.E.2d at 181. In what Fleming admitted was an attempt to scare Nowlin, Fleming and a companion repeatedly fired a gun at Nowlin's home. Id.

The trial court ruled that the statute's prohibition "[did] not include a witness who has already testified" and instructed the jury accordingly. Id. at 356, 412 S.E.2d at 184. The jury convicted the defendant of, *inter alia*, misdemeanor obstruction, and the defendant appealed, contending the evidence was insufficient, under the law of the case, to support a finding that the witness was expected to testify in some future court proceeding. Id. at 352, 412 S.E.2d at 182.

In affirming the conviction on appeal, we limited our review to "whether the evidence was sufficient to prove [the defendant] intimidated a witness who would be expected to testify." Id. at 356, 412 S.E.2d at 184. In so doing, however, we said that "we [did] not necessarily uphold the trial court's ruling that Code § 18.2-460[(B)] protects *only* witnesses who are expected to testify at a future court proceeding." Id. (emphasis added). Instead, we emphasized,

- 5 -

"[t]he statute was enacted for the purpose of deterring those who intimidate *any* witness lawfully engaged in his duties as such." Id. In so holding, we construed the statute to apply, *at a minimum*, to attempting to intimidate a witness expected to testify at a future court proceeding.

We then examined the evidence to determine whether it was sufficient to prove "the offense as defined by the trial court." Id. We noted evidence from a member of the Virginia State Police that Nowlin had been testifying in a drug investigation that was ongoing and evidence that the defendant had said Nowlin "'had [the defendant's] old man locked up[], and that Nowlin 'was going to testify against [the defendant's] father.'" Id. Based on that evidence, we concluded "the jury could have reasonably inferred that [Nowlin] was a witness in a continuing drug investigation case, was expected to testify in a future court proceeding, and was 'lawfully engaged in his duties as such' when the attempted intimidation occurred." Id. at 356, 412 S.E.2d at 184-85. Thus, we clearly did not construe the phrase, "lawfully engaged in his duties as such," to require that the witness be on the witness stand or even on his way to court when the attempted intimidation occurred.

Similarly, here, the evidence supports a finding that Barry Selph was "lawfully engaged in the discharge of his duty" within the meaning of Code § 18.2-460(C) when the alleged attempt to intimidate occurred. Barry Selph had testified at appellant's robbery trial that day and was present in the courtroom in the course of his duties as a witness; although trial in the guilt phase had concluded, it had done so only moments earlier. Further, sentencing proceedings in the bifurcated trial had neither commenced nor been completed, and it remained possible that Barry Selph would be a witness in that portion of the proceedings, as well. Finally, the evidence showed that appellant filed a post-trial motion for a new trial based on his claim that Barry Selph had lied under oath and that he attempted to subpoena Barry Selph as a witness on that motion, making Barry Selph a witness who was expected to testify at another stage of that same court

- 6 -

proceeding. This evidence supports a finding that, when appellant made the threats, Barry Selph was "lawfully engaged in the discharge of his duty" as a witness.

B.

SUFFICIENCY OF EVIDENCE TO PROVE INTENT TO INTIMIDATE

Appellant contends the evidence was insufficient to prove he "had any intent to alter or change anyone's testimony." This claim of error is barred by Rule 5A:18, which provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "In order to be considered on appeal, an objection must be timely made and the grounds stated with specificity." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986). Here, appellant did not argue to the trial court that the evidence was insufficient to prove the requisite intent. In addition, the alleged error does not meet the standard for review under the good cause or ends of justice exception to Rule 5A:18, for it is not "clear, substantial and material." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989); see Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc) (noting that intent can be proved by circumstantial evidence such as one's actions or statements and that fact finder may presume offender intends natural and probable consequences of his acts); see also Canipe v. Commonwealth, 25 Va. App. 629, 645, 491 S.E.2d 747, 754 (1997) (noting that statements and conduct of an accused *after* the events that constitute the charged crime also are relevant circumstantial evidence of intent).

This assignment of error is also barred under Rule 5A:12(c), which provides that "[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals." See Cruz v. Commonwealth, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991). Further, unlike

- 7 -

Rule 5A:18, Rule 5A:12 contains no "good cause" or "ends of justice" exception. See

Thompson v. Commonwealth, 27 Va. App. 620, 626, 500 S.E.2d 823, 826 (1998). Appellant's

assignments of error in his petition for appeal asserted that he could not be convicted of

obstructing justice where (1) the witness had completed his testimony and the jury had returned

its verdict and (2) the evidence failed to prove the witness saw or heard the threat. Therefore, no

appeal was granted on the sufficiency of the evidence to prove intent, and we may not consider

this issue on appeal.

## C.

### SUFFICIENCY OF EVIDENCE TO PROVE WITNESS SAW OR HEARD THREAT

Appellant contends the evidence was insufficient to support his conviction because it

failed to prove that witness Barry Selph heard his threatening words or saw his related hand

gestures. Again, we disagree.

Appellant concedes, as he must, that "it is the threats made by the offender, coupled with

his intent, that constitute the offense." Polk v. Commonwealth, 4 Va. App. 590, 593, 358 S.E.2d

770, 772 (1987). As we held in Polk,

> [t]he resulting effect of the offender's threats, such as fear,
> apprehension, or delay, is not an element of the crime defined in
> Code § 18.2-460. By the express terms of the statute, it is
> immaterial whether the [witness] is placed in fear or in
> apprehension. The offense is complete when the attempt to
> intimidate is made.

Id. at 593-94, 358 S.E.2d at 772.

As the holding in Polk makes clear, the trier of fact may convict a defendant for violating

Code § 18.2-460 even if no evidence proves the witness was aware of the threatening words or

gestures, so long as the evidence supports a finding that the accused made the threats and acted

- 8 -

with the requisite intent to intimidate.[1]  Id.  The Commonwealth may, if it so chooses, offer evidence that the witness did, in fact, hear the threat, or was in a position to do so, as circumstantial evidence that the accused acted with the requisite intent.  See, e.g., Campbell, 12 Va. App. at 484, 405 S.E.2d at 4.  However, a conviction for obstructing justice does not require proof that the witness saw or heard the threat.

III.

In sum, we hold the evidence was sufficient to prove appellant attempted to intimidate a witness who was "lawfully engaged in the discharge of his duty" at the time.  We reject appellant's claim that his conviction required proof the witness saw or heard the alleged threat.  For these reasons, we affirm the challenged conviction.

Affirmed.

---

[1] For the reasons discussed in Part II.B., we do not separately consider on the merits the sufficiency of the evidence to prove intent.