COURT OF APPEALS OF VIRGINIA

Present:    Judges Petty, O'Brien and Russell
Argued by videoconference

JAMES DANIEL SARKA

OPINION BY
v.        Record No. 0165-20-1        JUDGE MARY GRACE O'BRIEN
FEBRUARY 23, 2021

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Randall D. Smith, Judge

Rachel E. Wentworth, Assistant Public Defender, for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Following a bench trial, the court convicted James Daniel Sarka ("appellant") of

fraudulently failing to return leased property, in violation of Code § 18.2-118.  Appellant contends

that because the evidence was insufficient to prove fraudulent intent, the court erred in denying his

motion to strike.

BACKGROUND

On appeal, we review the facts in the light most favorable to the Commonwealth, the

prevailing party below.  Nelson v. Commonwealth, 71 Va. App. 397, 400 (2020).

On September 18, 2018, appellant rented a 650-pound "Genie" material lift, with a retail

value of $3,498.14, from United Rentals.  The transaction was memorialized in a written rental

agreement signed by appellant and Clayton Van Leeuwen, a United Rentals sales representative.

Another United Rentals employee, Isaac Tucker, also assisted appellant with the rental.

The rental agreement was introduced at trial.  Tucker testified that the customer provides the

information on the agreement and it contains "all of the point[s] of contact[]" for the customer.  The

agreement incorrectly identified appellant as "James Sarka Daniel" and reflected that the equipment was "Ordered By: JAMES DANIEL." Appellant's address was listed as "395 CORPORATE BLVD" in Norfolk but did not specify an apartment number. The agreement also included a "Job Site Address" in Virginia Beach and what purported to be appellant's office and cell phone numbers. Van Leeuwen testified that appellant had the opportunity to review the agreement before signing and, if appellant had advised that the address was incorrect, Van Leeuwen would have corrected it.

The agreement specified a "Rental Out" time of 3:00 p.m. on September 18, 2018, and a "Scheduled In" time of 5:00 p.m. on the same date. The "Estimated Am[oun]t" for appellant's rental was $50, with an "Estimated Total" of $53.75 after taxes. The agreement reflected that appellant paid a $55 deposit and was refunded $1.25. Tucker testified that the "Scheduled In" time of 5:00 p.m. on the rental agreement was an "estimated time of return for [the] amount paid" and explained that "[e]stimated times are only times that the customer paid for it [sic] and are supposed to return it." According to Tucker, the rental agreement required appellant to "return [the equipment] before close of business" on September 18, 2018.

The agreement listed the standard daily, weekly, and four-week rental rates as, respectively, $100, $268, and $519. It also provided a "minimum" rate of $50 for any rental period less than one day. Tucker testified that extensions to rental agreements require communication with customers and customers cannot simply retain equipment beyond the "Scheduled In" time and be billed accordingly. He stated that United Rentals' computer system flags overdue contracts and prompts employees to call customers with late equipment. Specifically, when Tucker was asked, "If a customer holds onto [equipment] longer [than a "Scheduled In" time], you will allow that and just bill them at the greater rate, correct?" he responded, "Incorrect. I call." Tucker testified that

- 2 -

although appellant's 5:00 p.m. "Scheduled In" time was "subject to change," any extension would have required communication between appellant and United Rentals.

Appellant did not return the equipment on September 18, 2018, and he did not contact United Rentals to request an extension. Tucker repeatedly attempted to contact appellant by calling "pretty much every number [he] could dig up," including a number appellant had called to obtain the rental payment "from a guy [appellant] referred to as 'Papa.'" Tucker was unable to reach appellant. Van Leeuwen likewise called appellant multiple times without success.

On December 4, 2018, Van Leeuwen sent appellant a demand letter by certified mail to the address listed on the rental agreement. The letter stated,

> This notice is to inform James Sarka Daniel [sic] on 11/27/18 that equipment that was rented from United Rentals . . . on 9/18/18 is well overdue on payment. We have attempted to contact you multiple times to resolve the matter and have not been able to get a hold of you. This equipment will need to be returned in [thirty] days from receipt of this letter[,] and failure to return the equipment within the [thirty] days will force United Rentals to take legal action.

The letter listed appellant's customer number and purported contact information; details about the equipment rented, including its make, model, and serial number; and a contract number with the words "OPEN RENTAL." The letter also contained the following information:

> Start: 09/18/18  15:00
> Last Return: 09/25/18
> Est Return: 10/18/18 17:00
> Est Days/Hrs: 30
> System: 09/18/18 14:59

Regarding the "Est Return" date of "10/18/18," Van Leeuwen testified that he was "not familiar" with the process for updating the date on a rental agreement in the computer system and indicated that "it may automatically update." He stated that the "system will update dates per the billing cycle" and therefore a new estimated return date did not necessarily reflect a mutual

agreement to extend a rental period. He reiterated that a rental period extension would not happen automatically and United Rentals "would have to get [the request] from [the customer]."

The demand letter was returned to United Rentals marked "Return to Sender / Insufficient Address / Unable to Forward." Someone other than appellant returned the equipment to United Rentals during the summer of 2019. Appellant, who only paid the original charge of $53.75, never paid to extend the rental.

At the close of the Commonwealth's case, appellant moved to strike the evidence. The court denied his motion. Appellant then attempted to demonstrate that he never received the demand letter by offering testimony from his aunt, who stated that on September 18, 2018, appellant lived with her at "295 Corporate Boulevard, apartment 308," not the address appellant provided in the rental agreement. The court subsequently denied appellant's renewed motion to strike. It found that the equipment was rented for a defined period and was to be returned by September 18, 2018, and although that rental period could have been extended, it would have required "communication between [appellant] and [United Rentals]," which never occurred. Noting that appellant only made an initial $55 payment and the equipment was returned by someone else "almost a year later," the court found appellant guilty of fraudulently failing to return the rental property.

ANALYSIS

Appellant contends that the evidence was insufficient to support his conviction. "When the sufficiency of the evidence is challenged on appeal, [this Court] must 'examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it.'" Austin v. Commonwealth, 60 Va. App. 60, 65 (2012) (quoting Commonwealth v. McNeal, 282 Va. 16, 20 (2011)); see also Code § 8.01-680. This Court "review[s] the evidence in the 'light most favorable' to the Commonwealth, the prevailing party in

the trial court." Nelson, 71 Va. App. at 400 (quoting Vasquez v. Commonwealth, 291 Va. 232, 236 (2016)).

"This deferential standard 'requires [the Court] to "discard the evidence of the accused in conflict with that of the Commonwealth[] and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn"' from that evidence." Williams v. Commonwealth, 71 Va. App. 462, 483-84 (2020) (second alteration in original) (quoting Vasquez, 291 Va. at 236). Viewing the evidence and inferences in this light, "[t]he relevant issue on appeal is . . . 'whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Lambert v. Commonwealth, 298 Va. 510, 515 (2020) (second alteration in original) (quoting Pijor v. Commonwealth, 294 Va. 502, 512 (2017)). Additionally, "[t]he trial court's conclusions as to questions of law are subject to *de novo* review." Brown v. Commonwealth, 68 Va. App. 44, 51 (2017).

Code § 18.2-118 provides in pertinent part as follows:

> A. Whenever any person is in possession or control of any personal property, by virtue of or subject to a written lease of such property, . . . and such person so in possession or control shall, with intent to defraud, . . . fail to return such property to the lessor thereof within [thirty] days after expiration of the lease or rental period for such property stated in such written lease, he shall be deemed guilty of the larceny thereof.
>
> B. The fact that such person signs the lease or rental agreement with a name other than his own, or fails to return such property to the lessor thereof within [thirty] days after the giving of written notice to such person that the lease or rental period for such property has expired, shall be *prima facie* evidence of intent to defraud. For purposes of this section, notice mailed by certified mail and addressed to such person at the address of the lessee stated in the lease[] shall be sufficient giving of written notice under this section.

Appellant argues that the evidence was insufficient to prove fraudulent intent for two reasons. First, he contends that the Commonwealth did not establish the rental agreement's

expiration date, and therefore his failure to return the equipment was a valid exercise of his contractual right to keep the property and pay the accrued charges upon return. Second, appellant asserts that even if the rental period did expire, the Commonwealth failed to prove he had fraudulent intent in failing to return the property because United Rentals' demand letter did not qualify as "written notice" under Code § 18.2-118(B).

## A. Rental Agreement Expiration Date

The Commonwealth was required to prove that appellant failed to return the equipment "within [thirty] days after expiration of the lease or rental period for such property stated in such written lease." Code § 18.2-118(A). Appellant argues that the rental agreement was an open contract without an expiration date. He contends that the September 18 return date listed on the rental agreement and the October 18 date referenced in the demand letter were merely estimates subject to change.

Appellant relies on language from Virginia's Uniform Commercial Code ("Virginia UCC"), codified at Code §§ 8.1A-101 through 8.9A-809, to argue that the parties' "course of performance" is relevant in construing the express terms of his rental agreement. Specifically, he contends that regardless of any express rental period, United Rentals' course of performance demonstrated that the agreement was merely a "revolving contract that continued to accrue charges based on the length of time that [appellant] held the property." We disagree.

Code § 8.1A-303, a general provision in the Virginia UCC applicable to both sales and leases, provides that a "course of performance . . . between the parties . . . is relevant in ascertaining the meaning of the parties' agreement, may give particular meaning to specific terms of the agreement, and may supplement or qualify the terms of the agreement." Code § 8.1A-303(d). However, "the express terms of an agreement and any applicable course of performance . . . must be

construed whenever reasonable as consistent with each other." Code § 8.1A-303(e).[1] "If such a construction is unreasonable[,] . . . *express terms prevail over course of performance*[.]" Code § 8.1A-303(e)-(e)(1) (emphasis added).

The priority of express terms is also explicit in the specific context of written leases. See Code § 8.2A-202. This statute provides that express terms of a written lease can be "explained or supplemented" but "*not . . . contradicted*" by evidence of "course of performance." Id. (emphasis added). Thus, pursuant to the Virginia UCC, the express terms of a written rental agreement comprise the primary resource for determining the scope of the agreement.

Here, the court found that the express terms of the rental agreement required return of the equipment on September 18, 2018. The written rental agreement specified a "Rental Out" time of 3:00 p.m. on September 18, 2018, and "Scheduled In" time of 5:00 p.m. on the same day, and it charged appellant the minimum rental rate. Further, testimony from both Tucker and Van Leeuwen established that United Rentals expected appellant to return the equipment on September 18 in accordance with the written agreement. The court could reasonably conclude from this evidence that the rental agreement expired on September 18, 2018.

Additionally, we disagree with appellant's contention that the parties' course of performance demonstrated that the express return date of September 18, 2018 had been modified. Although the Virginia UCC provides that a course of performance may be "relevant to show a waiver or modification" of an express term, see Code § 8.1A-303(f), the evidence must demonstrate that the other party "accept[ed] the performance or acquiesce[d] in it without objection," see Code § 8.1A-303(a)(2). Here, both Tucker and Van Leeuwen testified that the rental period in the agreement could only be modified following communication with appellant. Appellant never

---

[1] Appellant also relies on and quotes from similar language in "UCC 2A-207." However, that provision has been repealed from the Virginia Code. See 2003 Va. Acts ch. 353.

contacted United Rentals to request an extension.  In fact, both Tucker and Van Leeuwen unsuccessfully attempted to reach appellant multiple times after he failed to return the equipment on September 18, 2018; they repeatedly called various phone numbers appellant provided and ultimately sent a demand letter to the address listed on the rental agreement, which was returned as undeliverable.  The letter specifically asserted that payment for the rented equipment was overdue.  This evidence clearly established that United Rentals objected to, rather than acquiesced in, appellant's unilateral attempt to modify the rental agreement by retaining the equipment without payment after September 18, 2018.  See Code § 8.1A-303(a)(2), (f).

Further, the demand letter's references to an "OPEN RENTAL" and to an estimated return date of October 18, 2018  — rather than September 18, 2018, as listed on the rental agreement — do not negate the sufficiency of the evidence to support appellant's conviction.  The equipment was not returned until summer 2019, far more than thirty days after both the September 18 return date in the rental agreement and the October 18 return date in the demand letter.  See Code § 18.2-118(A).  The court was not required to find that the demand letter demonstrated a course of performance in which United Rentals allowed appellant to retain the equipment months past even an "estimated" return date without communication or payment.  Viewed in the light most favorable to the Commonwealth, the evidence was sufficient to establish that appellant's rental period had expired and he failed to return the equipment within thirty days thereafter.

B.  Written Notice

Appellant contends that the Commonwealth failed to establish a *prima facie* showing of his intent to defraud because United Rentals' demand letter did not comply with Code § 18.2-118(B).  Specifically, appellant argues the demand letter was "merely a notice of overdue payments" and did "not expressly state that the rental period had expired."

Initially, we note that written notice of default is not required for a conviction under Code § 18.2-118. Rather, the statute provides that if written notice is sent by certified mail to the address of the lessee stated in the lease, and the property is not returned within thirty days after that notice, the Commonwealth has established "*prima facie* evidence of intent to defraud." Code § 18.2-118(B). The statute also provides that sending the notice by certified mail to "the address of lessee stated in the lease" is sufficient written notice; the statute does not require that the letter actually be received by the lessee. See id.

United Rentals sent a certified demand letter on December 4, 2018 to appellant at the address listed in the rental agreement that he signed. Although the demand letter did not use the word "expired" in relation to the rental period, it stated that the equipment was "well overdue on payment" and referred to an "Est Return" date of "10/18/18." The content of the letter, mailed to the address given by appellant, was sufficient to establish *prima facie* evidence of his intent to defraud under Code § 18.2-118(B).

Additionally, the Commonwealth's case did not merely rest on this *prima facie* evidence of intent to defraud; it also included ample circumstantial evidence. "Intent may, and most often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts are within the province of the trier of fact." Fleming v. Commonwealth, 13 Va. App. 349, 353 (1991). In determining a defendant's intent, "[c]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53 (1983).

"Intent to defraud means that the defendant intend[ed] to 'deceive another person, and to induce such other person, in reliance upon such deception, to assume, create, transfer, alter, or terminate a right, obligation[,] or power with reference to property.'" Bray v. Commonwealth, 9 Va. App. 417, 422 (1990) (quoting Intent to Defraud, Black's Law Dictionary (5th ed. 1979)). "To

- 9 -

determine whether fraudulent intent exists, the Court must 'look to the conduct and representations of the defendant. Whether fraud actually existed will depend upon the circumstances of each case.'" Rader v. Commonwealth, 15 Va. App. 325, 329 (1992) (quoting Norman v. Commonwealth, 2 Va. App. 518, 519-20 (1986)).

A defendant's "evasive conduct" and a "general lack of communication with the victim[] about any problems or other reasons asserted for non-payment or non-performance" are probative of intent to defraud. Austin, 60 Va. App. at 67, 68-69 (affirming convictions for obtaining property by false pretense under Code § 18.2-178, which also requires evidence of "intent to defraud"). In Austin, we found that fraudulent intent was shown by the defendant's acts of stopping payment on a check without explanation to the merchant, failing to return merchandise, and not responding to the merchant's attempt to communicate. Id. at 67.

Here, the record demonstrates similar evasive conduct and lack of communication. Appellant reviewed and signed a document with both an incorrect name and an incorrect and incomplete address. United Rental employees were unable to contact him at any of the phone numbers he provided, as well as phone numbers they discovered on their own. Appellant did not make any additional payments after acquiring possession of the equipment, and someone other than appellant finally returned the equipment in summer 2019, nearly a year after appellant rented it for two hours. No rental payments were made after the equipment was returned. The combined force of these circumstances is sufficient to support the court's determination that appellant possessed the requisite intent to defraud. See Commonwealth v. Hudson, 265 Va. 505, 514 (2003) ("While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" (quoting Derr v. Commonwealth, 242 Va. 413, 425 (1991))).

CONCLUSION

Based on the terms of the rental agreement, the demand letter, and the circumstantial evidence showing appellant's evasive and uncommunicative conduct, a reasonable factfinder could conclude that appellant had fraudulent intent in failing to return United Rentals' property within thirty days after expiration of the rental period. Therefore, we hold that the court did not err in finding the evidence sufficient to convict appellant of fraudulently failing to return rental property, in violation of Code § 18.2-118.

<u>Affirmed.</u>